

February 22, 2019

*Via Email strawbridge_chambers@paed.uscourts.gov*
United States District Court
Eastern District of Pennsylvania
Honorable David R. Strawbridge
601 Market Street
Room 3-H
Philadelphia, PA 19106

                RE:     Patricia McNulty v. The Middle East Forum, et al.
                         No. 2:19-cv-05029

Dear Judge Strawbridge:

Plaintiff submits the following correspondence in response to Defendants' letter dated February 5, 2021. Defendants' letter mistakes the history of discovery in this case as Plaintiff has responded entirely to Defendants' discovery requests so that the Court should find that no additional discovery should be Ordered. Defendants seek to prejudice Plaintiff by notifying the Court about discovery issues in a completely different case: the matter of Lisa Barbounis v. The Middle East Forum, et al. The parallels that Defendants seek to draw between the instant matter and Lisa Barbounis do not exist. Plaintiff, Patricia McNulty's discovery is not deficient. Ms. McNulty provided complete Responses to Defendants' First Set of Interrogatories, First Request for Production of Documents, First Request for Admissions, Second Request for Admissions, and Third Request for Admissions. Plaintiff also provided Defendants with a complete Comprehensive Narrative Report from the expert witness, Dr. Mark Richardson, who Plaintiff plans to call upon to testify at trial. Defendants responded to the expert report of Dr. Mark Richardson by requesting that Plaintiff attend an Independent Medical Evaluation with Dr. Barbara Ziv. It is my understanding that the parties have scheduled the depositions of both Dr. Richardson and Dr. Ziv so that both parties can depose the other side's expert.

Despite the twenty-seven (27) page letter presented by Defendants that seeks to disparage and ridicule Plaintiff and her counsel, the outstanding discovery issues in this matter can be relegated to extremely specific and narrow issues.

First, Defendants point out that Plaintiff's Written Responses to Defendants' First Request for Production of Documents are deficient because Plaintiff tracked from a previous document which included several typos. Defendants served both Patricia McNulty and Lisa Barbounis with precisely the same forty-three (43) Document Requests. There was substantial overlap in the discovery produced by Plaintiff, Patricia McNulty, and Lisa Barbounis so Plaintiff, Patricia

New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 100 SE 2nd Street, Suite 2000, Miami, FL 33131 | (305) 946-1884
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

McNulty did track from a previous report in drafting her Written Responses to Defendants' First Request for Production of Documents. Plaintiff provided Defendants with a complete table of contents so that all discovery already produced could be readily discerned from any new documents produced. Admittedly there was some typos that required edits. Defense counsel never raised the issue of these typos with Plaintiff's counsel which could have been done with a short call or email. Instead, Defendants first raised these issues with the Court. Plaintiff, Patricia McNulty has reviewed Defendants' deficiency letter, included for the first time in its letter to the Court. All deficiencies will be addressed by close of day February 22, 2021.

Still the actual production of documents made by Plaintiff was not deficient. Also, Plaintiff, Patricia McNulty also did not first produce documents in response to Defendants' discovery requests on January 12, 2021. Plaintiff actually produced a large part of her discovery responses to Defendants months earlier and much sooner than Defendants produced any documents to Plaintiff. In fact, to date, Defendant, The Middle East Forum has yet to produce a single document to Plaintiff, Patricia McNulty in response to Plaintiff's discovery requests served over a year ago in February 2020. Defendants took over seven (7) months to provide Written Responses to Plaintiff's First Request for Production of Documents and then objected to every single Request: no exceptions.

Alternatively, Plaintiff, Patricia McNulty has made a good faith attempt to provide a meaningful Response to all of Defendants' discovery requests and has clearly overproduced documents in order to avoid the very arguments Defendants have still raised. The discovery in this case is nothing like the discovery in the Lisa Barbounis v. The Middle East Forum matter. The Court ruled that there was e-discovery in Lisa Barbounis's case that required obtaining an e-discovery vender. The same cannot be said here. For instance, Defendants argue that Patricia McNulty did not produce emails even though Ms. McNulty used email during her time with The Middle East Forum:

> "Plaintiff produced no emails in this matter despite admitting using email in connection with her job at The Forum." (See Def Mot Doc 48).

Plaintiff, Patricia McNulty did not use personal email to send messages about work related issues and any responsive emails she may have sent or received would be relegated to her work email, which was provided by The Middle East Forum and of which Ms. McNulty no longer has access. If any other emails to or from Ms. McNulty were produced by other individuals, Defendants have not contacted Plaintiff to ask why those emails were not produced by Patricia McNulty. The reason for repeatedly refusing to meet and confer about simple and easy issues to resolve, like this one, is probably because Defendants know that all of the emails they refer to were sent or received by Ms. McNulty's business email account, to which only Defendant has access. Also important, Defendants has not produced a single one of these emails to Plaintiff, in response to Plaintiff's Request for Production of Documents.

All issues raised by Defendants could easily have be resolved if Defendants preferred working with Plaintiff over timely and costly motion practice. Counsel for Plaintiff contacted Defendants by telephone at least twice after her production and asked Defendants to please notify Plaintiff if there was any outstanding discovery. Defendants have not requested a single meet and confer to

discuss this issue of outstanding emails, or any other outstanding discovery for that matter. The only call held between the parties was a call to discuss the text threads. Defendants have also not requested a single meet and confer regarding the discovery of any telegram, Instagram, Facebook, or Twitter messages.

The Telegram messages were actually provided in their entirety with folders for all image attachments. Plaintiff downloaded the Telegram desktop application and exported the complete file with three (3) separate folders for the (1) images, (2) the CSS Script, and the (3) Java Script, for every complete thread that was discoverable in this case. Plaintiff believes that there is no other way to produce additional information from her Telegram account, as Plaintiff did not withhold a single file after the discoverable threads were identified. This is the very type of issue that provides the basis for the meet and confer requirement. Instead of contacting Plaintiff's counsel to discuss this issue, Defendants smash Plaintiff and her counsel in a misleading letter to the Court.

Plaintiff seemingly confirmed at her deposition that she is not in possession of any additional discovery in this case. If Defendants felt that Plaintiff's testimony at deposition warranted additional discovery, they certainly did not contact Plaintiff's counsel to discuss this matter. Plaintiff produced every single text thread in its entirely that she used to communicate with anyone from her employment with The Middle East Forum. Plaintiff did not delete or withhold any individual messages. She did not redact any of the messages. She just produced them all in perfect chronological order. If any images were sent as part of the text message, Plaintiff also produced that in each thread. Every image can be viewed in its entirely with the date and time it was sent or received. This is not an e-discovery situation where parent-child relationship between documents and its attachments are relevant. Plaintiff would challenge Defendants to identify a single image that was part of a text thread that even has relevance to Plaintiff, Patricia McNulty's claim of a hostile work environment. There are none. If Defendants can identify one, they should schedule a meet and confer to discuss the same with Plaintiff's counsel. Certainly, there are ways to resolve this discovery dispute outside of compelling Patricia McNulty to spend tens of thousand of dollars to retain an e-discovery vender to produce exactly the same information that was already produced. Defendants argue that they would like to be able to use their "e-discovery software" so they can search through documents faster. Plaintiff's counsel simply read each text thread. There is a small number of documents in which the format is readily usable. Here is what Defendants argument is about. Plaintiff produced:

- Patricia McNulty 00001 through 00028 – SMS messages between Patricia McNulty, Delaney Yonchek and Caitriona Brady.

- Patricia McNulty 00029 through 00034 – SMS messages between Patricia McNulty, Caitriona Brady, Marnie Meyer, and Lisa Barbounis.

- Patricia McNulty 00035 through 00040 – SMS messages between Patricia McNulty and Caitriona Brady.

- Patricia McNulty 00041 through 00096 – SMS messages between Patricia McNulty and

3

Delaney Yonchek

- Patricia McNulty 00097 through 00117 – SMS messages between Patricia McNulty and EJ Kimble

- Patricia McNulty 00118 through 00124 – SMS messages between Patricia McNulty and Lisa Barbounis and 267-978-1935

- Patricia McNulty 00125 through 00135 – SMS messages between Patricia McNulty, Lisa Barbounis, Caitriona Brady, and Delaney Yonchek

- Patricia McNulty 00136 through 00172 – SMS messages between Patricia McNulty and Lisa Barbounis and Delaney Yonchek

- Patricia McNulty 00173 through 00173 – SMS messages between Patricia McNulty and Lisa Barbounis and EJ Kimble
- Patricia McNulty 00174 through 00196 – SMS messages between Patricia McNulty and Lisa Barbounis and Marnie Meyer

- Patricia McNulty 00197 through 00198 – SMS messages between Patricia McNulty and Lisa Barbounis and Matthew Bennett and Marnie Meyer

- Patricia McNulty 00199 through 00203 – SMS messages between Patricia McNulty and Lisa Barbounis and Matthew Bennett

- Patricia McNulty 00204 through 00617 – SMS messages between Patricia McNulty and Lisa Barbounis

- Patricia McNulty 00618 through 00630 – SMS messages between Patricia McNulty and Lisa Barbounis and Matthew Bennett

- Patricia McNulty 00631 through 00634 – SMS messages between Patricia McNulty and Marnie Meyer and Delaney Yonchek and Lisa Barbounis

- Patricia McNulty 00635 through 00639 – SMS messages between Patricia McNulty and Marnie Meyer and Lisa Barbounis and Delaney Yonchek and Caitriona Brady

- Patricia McNulty 00640 through 00657 – SMS messages between Patricia McNulty and Marnie Meyer

These 17 text threads is every text message on Plaintiff, Patricia McNulty's device involving the relevant parties she worked with at The Middle East Forum.  There are 657 pages, which is a quick read as each page contains only a handful of text bubbles.

Importantly there are no counterclaims in this case. Plaintiff, Patricia McNulty testified that she made more money in her subsequent employment which may negate a claim for back or front pay. Accordingly, this case is about whether Plaintiff, Patricia McNulty was subjected to a hostile work environment. The relevant evidence in this case relates to Ms. McNulty's hostile work environment claims and Defendants' action, if any, taken to investigate and remediate the discrimination and harassment in the workplace. Defendants would be hard-pressed to locate a single text message produced that has relevance to these issues. Defendants act the Court to compel Plaintiff, Patricia McNulty to reproduce the discovery she already produced in a format of their choosing without any actual support.

Plaintiff requests the Court refer Defendants back to Plaintiff so that the parties can meet and confer to discus what exactly Defendants are seeking in addition to the already provided production. Defendants identify emails, however, Plaintiff, Patricia McNulty has confirmed she does not possess emails responsive to Defendants' discovery requests. Defendants asks for all the text threads; however, Plaintiff has produced every responsive text thread in her possession to date. Defendants ask for LinkedIn information, however, Plaintiff testified that she transitioned from her position with The Middle East Forum directly to her current position earning more money at her subsequent position. This negates the need for any information related to mitigation or tax returns. Plaintiff's wage loss claim if any, will be relegated to the mere days it took Plaintiff to transition from one position to the next.

Defendants February 5, 2021 correspondence closes with what is essentially a deficiency letter. The Court's policies and procedures require Defendants to present deficiencies to the opposing party before bringing them to the Court. This is another step in the process Defendants have ignored. Defendants have ignored the Court's policies and procedures repeatedly requiring the parties to meet and confer to resolve outstanding deficiencies in discovery.

Defendants own discovery production is highly deficient, as Defendants objected to each and every one of Plaintiff's Request for Production of Documents in their entirety. Defendants attempt to cast aspersions upon Plaintiff is highly concerning as Plaintiff has attempted in good faith to work with Defendants to resolve any and all discovery issues between the parties. Most recently the parties conducted several depositions including the deposition of Plaintiff, Patricia McNulty. Defendants' request for dismissal of Plaintiff's claims is not appropriate considering the issues presented.

Plaintiff therefore requests the Court deny Defendants' Motion to Compel additional discovery and Order Defendants to work with Plaintiff cooperatively to identify whether any discovery is actually warranted. Plaintiff communicated to Defendants on multiple occasions that she is willing to work with Defendants to produce any and all discovery in her possession that may be outstanding. The last time the parties spoke about outstanding discovery, Defendants raised a single issue, the text threads. During this call, Defendants actually complimented Plaintiff in connection with the Telegram production. Defendants stated, "now that I know what this is, we may be able to work with this." That is the last time Defendants communicated to Plaintiff about Telegram or any other discovery issue.

As the Court requires the parties to meet and confer to resolve discovery disputes, Plaintiff asks the Court to Order that Defendants work cooperatively with Plaintiff to resolve any and all remaining discovery issues and deny Defendants request to Order Plaintiff to obtain an e-discovery vender for the production of a mere 17 text threads.

Respectfully submitted on behalf of Plaintiff, Patricia McNulty.

>Very Truly Yours,
>**DEREK SMITH LAW GROUP, PLLC**
>
>BY:\_\_\_/s/ Seth D. Carson_____
>    Seth D. Carson, Esquire

CC: Defendants by e-filing.