UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA McNULTY | : | |
| | : | |
| Plaintiff, | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05029-AB |
| | : | |
| THE MIDDLE EAST FORUM, et al | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT THE MIDDLE EAST FORUM'S OPPOSITION TO PLAINTIFF MS. PATRICIA MCNULTY'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS**

Defendant The Middle East Forum ("The Forum" or "Defendant"), submits the foregoing Opposition to Plaintiff Patricia McNulty's Motion to Compel Responses to Plaintiff's Written Discovery Requests (ECF No. 56), and in support thereof avers as follows:

**Introduction**

Simply put, The Forum has responded to all written discovery that Plaintiff has served – a fact that is made clear in Plaintiff's own Motion to Compel (the "Motion"). (ECF No. 56, at ¶¶ 2 and 4; *see also id.* at Exhibits B and D.) Indeed, it has been over eight (8) months since The Forum served its answers and objections to interrogatories and over five (5) months since The Forum served written responses to document requests. The Forum made a series of rolling productions in this Action, beginning on or about May, 1, 2020 and served its eighth and final production on on or about December 22, 2020. In total, The Forum has produced approximately 2.8 GBs of information comprised of more than 3500 documents. Thus, Plaintiff's Motion is—quite simply— inaccurate, retaliatory, and frivolous.

**Factual Background & Status of Discovery**

Plaintiff Patricia McNulty is a former employee of The Forum. She filed this action against The Forum, its President, Mr. Daniel Pipes, Director, Mr. Gregg Roman, and a former employee, Mr. Matthew Bennett, alleging sexual harassment, discrimination, and retaliation. Ms. McNulty is one of five former employees who filed claims against The Forum in this Court in 2019. Ms. McNulty's counsel, Seth Carson, Esq., is representing three of the other plaintiffs.[1] The Forum's undersigned counsel is presently involved in one other on-going action, pending before the Honorable Joshua D. Wolson, at *Ms. Lisa Barbounis v. Middle East Forum, et al.*, 2:19-cv-05030.

Given that The Forum was represented by the same counsel and that Mr. Carson's clients, Plaintiff and Ms. Barbounis, filed near-identical complaints in this Court and served near-identical discovery requests and responses,[2] The Forum explained to Mr. Carson that it would produce documents responsive to discovery served in the two separate actions. Mr. Carson agreed to this

---

[1] In the matter *Barbounis v. The Middle East Forum, et al.*, 2:19-cv-05030 (the "Barbounis Action"), currently pending before the Honorable Joshua D. Wolson, Mr. Carson is representing plaintiff Ms. Lisa Barbounis. In the matter *Brady v. The Middle East Forum, et al.*, 2:19-cv-05082 (the "Brady Action"), Mr. Carson is representing plaintiff Ms. Caitriona Brady. Cozen O'Connor is representing The Forum in each of these actions. The fourth action, *O'Brien v. The Middle East Forum, et al.*, 2:19-cv-06078 (the "O'Brien Action"), pending before the Honorable John M. Gallagher, plaintiff Ms. Marnie O'Brien is represented by separate counsel Erica Shikunov, who also now is with the Derek Smith Law Group. Mr. Carson also represented another former employee who voluntarily withdrew her lawsuit after The Forum filed a Motion to Dismiss. *Yonchek v. The Middle East Forum, et al.,* 2:19-cv-05083 (the "Yonchek Action"). The Forum filed a separate action against Ms. Lisa Barbounis captioned at *The Middle East Forum v. Barbounis*, No. 19-5687, pending in this Court before the Honorable Juan R. Sanchez, in which The Forum has alleged a series of common law and statutory claims arising from Ms. Barbounis' theft of trade secret information (the "Trade Secrets Action"). Mr. Carson is also representing Ms. Barbounis in that action, but Cozen O'Connor has not appeared in that action.

[2] Indeed, as noted in The Forum's February 5, 2021 letter brief, Plaintiff McNulty appears to have copied, verbatim, the responses of Ms. Barbounis as her own and served them on Defendants in this action without review, resulting in references to jobs she never held, doctors she never saw and devices she never used. *See* Doc. 48 at p.2.

2

and never vocalized any issue or concern with this approach. Mr. Carson, however, represented *two different parties* in two different actions, and thus he and Plaintiff could not rely on productions made by Ms. Barbounis to satisfy Plaintiff's obligation to produce documents in this Action.

In the last five months, and all since The Forum served its discovery responses, Plaintiff and her counsel have engaged in discovery abuses requiring Defendants to file multiple motions to compel and/or for contempt, which have resulted in numerous punitive orders of this Court. (*See* ECF Nos. 33, 36, 38, 40, 41, 43, 47, 48, 50, 51.) Despite The Forum's numerous motions regarding Plaintiff's discovery failures and the disregard of those Court's orders by Plaintiff and her counsel, Plaintiff never raised any issue or concern with The Forum's discovery until the filing of the instant motion. Only after Plaintiff and her counsel were found in violation of numerous court orders, held in contempt, and ordered to pay The Forum's attorneys' fees incurred for various appearances and motions, did Plaintiff concoct alleged deficiencies in The Forum's discovery to place before the Court via this Motion. Clearly, the impetus for the Motion is not a good faith issue with The Forum's discovery but rather Plaintiff's and her counsel's bad faith effort to distract the Court from The Forum's pending letter brief.

## Argument

The Forum is simply at a loss to understand Plaintiff's supposed grounds for moving to compel discovery responses. Plaintiff herself admits that The Forum has responded in writing to the discovery requests. (ECF No. 56, at ¶¶ 2 and 4.) While it is true that The Forum asserted appropriate objections where necessary, The Forum nonetheless responded appropriately and in full. The Forum responded to all sixty-six of Plaintiff's document requests, which were incredibly overbroad and sought information not only irrelevant to this Action but information, including personal and confidential information, about non-party former employees. The Forum, where

3

necessary and appropriate, lodged detailed, specific objections. (*See* ECF No. 56, Exhibit D, at Nos. 17-18, 30, 37, 45.) Until filing her motion, Plaintiff voiced no issue with these responses.

Of Plaintiff's (66) sixty-six requests, The Forum responded to approximately two-thirds of the requests by either producing non-privileged responsive documents or confirming that it had no non-privileged, responsive documents in its possession. Only where the requests were truly objectionable did The Forum not produce documents subject to and without waiver of its stated objections. Plaintiff's assertion that The Forum objected to each request, and did so with "mostly" boiler plate objections, misrepresents The Forum's responses and ignores the substantive nature of The Forum's written responses. (*See* ECF No. 56, at ¶¶ 6, 8, 12.) The Forum is also at a loss to understand Plaintiff's assertion that she is "unaware of any documents that were produced." (*Id.*, at ¶ 15.) As explained above, The Forum has produced thousands and thousands of documents over the course of eight productions.

Furthermore, Plaintiff's argument that evidence of racial harassment is relevant and thus such documents should be produced is outlandish. (*See id.*, at ¶¶ 18-19.) There is not a single claim or allegation relating to racial harassment in this Action, nor any other action pending against The Forum. Neither Plaintiff nor any of Mr. Carson's other clients who are former employees of The Forum has made any allegation of race-based harassment.[3]

---

[3] Defendants are left to wonder why Plaintiff chose to dedicate two pages of her five page motion to a discussion of racial harassment when no such allegations are present in this case, and whether her doing so is an intentional effort to color the views of anyone who might read the docket. In any event, Mr. Roman has long been at the forefront of outreach efforts and joint measures between the Jewish community and both the Black community and the LGBTQ community. *See, e.g.,* Goldstein, Andrew, "New Jewish Delegate Assembly resolutions pack a punch for CRC," PITTSBURG JEWISH CHRONICLE, May 21, 2014, https://jewishchronicle.timesofisrael.com/new-jewish-delegate-assembly-resolutions-pack-a-punch-for-crc/ (last accessed March 10, 2021); (quoting Gregg Roman on new LGBT resolution,

Prior to filing her Motion, Plaintiff's counsel never reached out to The Forum to discuss the nature of its objections or the substance of its productions. Plaintiff's motion, filed more than five months since the discovery responses were served, is both senseless and baseless. (*Id.*, at ¶ 9.)

WHEREFORE, Counsel respectfully requests that the Court deny Plaintiff's Motion to Compel in light of The Forum's fulsome and complete production of documents and service of written discovery objections.

                        Respectfully submitted,

                        COZEN O'CONNOR

                        BY: /s/Jonathan R. Cavalier
                              Jonathan R. Cavalier (PA #206063)
                              Leigh Ann Benson (PA #319406)
                              One Liberty Place
                              1650 Market Street, Suite 2800
                              Philadelphia, PA 19103
                              P: 215-665-2000
                              F: 215-665-2013
                              jcavalier@cozen.com
                              lbenson@cozen.com

Dated: March 10, 2021                *Attorneys for Defendant*
                                                *The Middle East Forum*

---

"[T]he message that this resolution brings forth is that hate is hate — it doesn't matter which group it's against."); Reinhertz, Adam, "Diversity roundtable continues to gain momentum," PITTSBURGH JEWISH CHRONICLE, June 25, 2014, https://jewishchronicle.timesofisrael.com/diversity-roundtable-continues-to-gain-momentum/ (last accessed March 20, 2021).

## **CERTIFICATE OF SERVICE**

I hereby certify that I served upon all counsel of record a true and correct copy of Defendant The Middle East Forum's Opposition to Plaintiff's Motion for Contempt via ECF filing.

*/s/ Jonathan R. Cavalier*
Jonathan R. Cavalier, Esquire

**COZEN O'CONNOR**

*Attorney for Defendant,*
*The Middle East Forum*

Dated: March 10, 2021