# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICIA MCNULTY, | : | CIVIL ACTION NO: 19-5029 (AB) |
| Plaintiff, | : | |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : | |
| MATTHEW BENNETT (*individually*), | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| PATRICIA MCNULTY, | : | CIVIL ACTION NO: 20-2945 (AB) |
| Plaintiff, | : | |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| GREGG ROMAN (*individually*), and | : | |
| Defendants. | : | **CONSOLIDATED ACTIONS** |

**DEFENDANT, GREGG ROMAN'S REQUESTS FOR ADMISSION**
**DIRECTED TO PLAINTIFF**

Defendant, Gregg Roman ("Defendant Roman"), by and through his undersigned

counsel, Sidney L. Gold & Associates, P.C., hereby requests that Plaintiff admit the truthfulness

of the following statements in accordance with the Federal Rules of Civil Procedure within thirty

(30) days of service.

**INSTRUCTIONS**

1.      Each request is to be separately responded to, and Plaintiff is to indicate which

request or requests documents are being produced in response thereto.

2.      Each request shall be continuous so as to require additional answers in further

information is to be obtained between the time an answer is served and the time of trial.  Such

additional answers shall be served in conformity with the Federal Rules of Civil Procedure.

3.      If you do not answer any request for admission because of the claim of privilege, set forth the privilege claim, and the facts upon which you rely in support of the claim of privilege and identify all documents for which said privilege is claimed.

4.      As used herein, the term "Defendant Roman" shall mean Gregg Roman.

5.      As used herein, the term "Defendant MEF" shall mean The Middle East Forum and its agents, servants and employees.

6.      As used herein, the term "Defendant Bennett" shall mean Matthew Bennett.

5.      As used herein, the term "Plaintiff" shall mean Patricia McNulty.

## REQUESTS FOR ADMISSION

1.       Admit that Plaintiff commenced employment with Defendant on October 23, 2017.

2.       Admit that Plaintiff was hired to the position of Program Manager.

3.       Admit that in her capacity as Program Manager, Plaintiff was responsible for planning events for Defendant MEF.

4.       Admit that Plaintiff was promoted to Director of Development in or about March of 2019.

5.       Admit that Plaintiff and Lisa Barbounis maintain a close friendship through the present.

6.       Admit that Plaintiff went on a trip to Atlantic City with Lisa Barbounis, Marnie Meyer, and Caitriona Brady in or about August of 2019.

7.       Admit that Plaintiff discussed with Lisa Barbounis, Marnie Meyer, and Caitriona Brady the possibility of each of them leaving their respective employment with Defendant MEF during the trip to Atlantic City in or about August of 2019.

8.       Admit that Plaintiff was aware that Lisa Barbounis had more than one cell phone during her tenure of employment with Defendant MEF.

9.       Admit that Plaintiff communicated with Lisa Barbounis through the Telegram app during her tenure of employment with Defendant MEF.

10.       Admit that Plaintiff communicated with Lisa Barbounis through the WhatsApp app during her tenure of employment with Defendant MEF.

11.       Admit that Plaintiff signed a Non-Disclosure Agreement on October 23, 2017.

12.     Admit that under the terms of the Non-Disclosure Agreement, Plaintiff has an obligation not to disclose confidential information belonging to Defendant MEF.

13.     Admit that under the terms of the Non-Disclosure Agreement, Plaintiff's obligation not to disclose confidential information continued after her resignation from Defendant MEF.

14.     Admit that Plaintiff signed the "Bring Your Own Device Agreement" with Defendant MEF.

15.     Admit that under the "Bring Your Own Device Agreement" Plaintiff promised no other person other than Plaintiff would have access to MEF data.

16.     Admit that under the "Bring Your Own Device Agreement" Plaintiff agreed that any Defendant MEF data contained on her electronic device may be subject to legal discovery.

17.     Admit that under the "Bring Your Own Device Agreement" Plaintiff agreed that Defendant MEF was entitled to access the said data.

18.     Admit that the "Bring Your Own Device Agreement" applied to Plaintiff's Gmail account.

19.     Admit that the Non-Disclosure Agreement applied to Plaintiff's Gmail account.

20.     Admit that donor information, donor contributions, addresses, and/or contact information for Defendant MEF's donors is confidential information belonging to Defendant MEF.

21.     Admit that Plaintiff has not erased the contents of her Apple laptop following her resignation from Defendant MEF in or about September of 2019.

22.     Admit that Plaintiff currently has access to the Gmail account she used while employed by Defendant MEF.

23.     Admit that Defendant MEF directed employees to no longer utilize personal email accounts in or about February of 2019.

24.     Admit that Plaintiff continued to utilize her personal Gmail account after February of 2019.

25.     Admit that Plaintiff did not return confidential information belonging to Defendant MEF that was stored on her Apple laptop following her resignation in or about September of 2019.

26.     Admit that Plaintiff has in her possession confidential information of Defendant MEF on her Apple laptop as of the present.

27.     Admit that Plaintiff received Defendant MEF's Personnel Manual and signed an acknowledgment form confirming receipt.

28.     Admit that under Defendant MEF's Personnel Manual, Plaintiff agreed that: "If you believe that you are the victim of impermissible harassment, or become aware of another employee being subjected to impermissible harassment, you must promptly report the facts of the incident to your supervisor or to the Director or to the Managing Director."

29.     Admit that Plaintiff attended the AIPAC convention in Washington D.C. as a representative of Defendant MEF in or about March of 2018.

30.     Admit that on March 4, 2018 Plaintiff attended Defendant MEF's event at Cuba Libre.

31.     Admit that Plaintiff consumed alcohol on the evening of March 4, 2018.

32.     Admit that as of March 4, 2018, Plaintiff had knowledge that Lisa Barbounis previously lived in Washington D.C.

5

33.     Admit that Plaintiff took several Uber rides during the course of the AIPAC convention weekend.

34.     Admit that Defendant MEF's reimbursed Plaintiff for Uber expenses during Defendant MEF- related work trips.

35.     Admit that Defendant MEF reimbursed Plaintiff for Uber expenses incurred during the AIPAC convention in or about March of 2018.

36.     Admit that Plaintiff went to the Airbnb in Washington D.C. on March 5, 2018.

37.     Admit that Plaintiff slept at the Airbnb in Washington D.C. on March 5, 2018.

38.     Admit that the incident at the AIPAC convention was the first instance of any alleged sexual harassment from Defendant Roman to which Plaintiff was subjected during her tenure of employment.

39.     Admit that Plaintiff did not witness any alleged acts of sexual harassment of any MEF employee prior to March 5, 2018.

40.      Admit that Plaintiff did not report the alleged incident that occurred on March 5, 2018 to Daniel Pipes until November 1, 2018.

41.     Admit that Plaintiff was not subjected to any alleged sexual harassment from March 6, 2018 through November 1, 2018.

42.     Admit that Lisa Barbounis sent Plaintiff a text message on March 14, 2018 wherein Lisa Barbounis stated: "I'm paranoid so delete this."

43.     Admit that Plaintiff took screenshots of her text message communications with Lisa Barbounis on March 14, 2018.

44.     Admit that on March 14, 2018 Plaintiff sent a text message to Lisa Barbounis wherein Plaintiff stated: "Oh gosh, so it got like aipac couch-ish" and wherein Lisa Barbounis replied: "No."

45.     Admit that Lisa Barbounis sent a text message to Plaintiff on March 14, 2018 wherein Lisa Barbounis stated: "He said he fucked Lea and tried to meet up with her again and it didn't work out.  He said he wanted another good blow job and then other weird shit."

46.     Admit that Plaintiff and Lisa Barbounis only communicated via text message on March 14, 2018.

47.     Admit that Plaintiff initially informed Dr. Barbara Ziv that Plaintiff and Lisa Barbounis only communicated via text message on March 14, 2018.

48.     Admit that Plaintiff did not report the content of aforesaid text messages she received from Lisa Barbounis on March 14, 2018 to Daniel Pipes until November 1, 2018.

49.     Admit that Plaintiff did not report to Daniel Pipes that she suspected Defendant Roman had subjected Lisa Barbounis to sexual harassment during the Israel trip in or about March of 2018 until November 1, 2018.

50.     Admit that in Plaintiff's email dated November 1, 2018 to Daniel Pipes, Plaintiff did not report any instances of alleged sexual harassment that occurred prior to March 5, 2018.

51.     Admit that in Plaintiff's email dated November 1, 2018 to Daniel Pipes, Plaintiff did not report any acts of alleged sexual harassment to which she was subjected that occurred between March 6, 2018 through November 1, 2018.

52.     Admit that Daniel Pipes and/or Defendant MEF promptly investigated the allegations made by Plaintiff on November 1, 2018.

7

53.     Admit that Daniel Pipes and/or Defendant MEF promptly took remedial action following Plaintiff's disclosure of the alleged AIPAC incident on November 1, 2018.

54.     Admit that on November 4, 2018 Plaintiff sent an email to Daniel Pipes wherein Plaintiff stated: "I do promise that any future incidents, should they happen, will be reported to you immediately."

55.     Admit that on November 4, 2018, Plaintiff sent an email to Daniel Pipes wherein Plaintiff stated: "I want nothing more than to move on and continue working hard for MEF."

56.     Admit that on November 4, 2018, Plaintiff sent an email to Daniel Pipes wherein expressed to Daniel Pipes that she was satisfied with changes proposed by Daniel Pipes in response to Plaintiff's email dated November 1, 2018.

57.     Admit that on November 4, 2018, Plaintiff sent an email to Daniel Pipes wherein Plaintiff expressed to Daniel Pipes that she "considered this matter satisfactorily resolved."

58.      Admit that Plaintiff sent an email to Daniel Pipes on March 11, 2019 wherein Plaintiff stated: "There has been a noticeable difference in the working relationship with [Defendant Roman] in the past four months and the understanding moving forward is that this will continue."

59.     Admit that Plaintiff agreed with Lisa Barbounis' request for Defendant Roman to return to the office.

60.     Admit that Plaintiff agreed with Daniel Pipes and/or Defendant MEF's decision to permit Defendant Roman to return to the office.

61.     Admit that Plaintiff did not report to Daniel Pipes that Plaintiff witnessed Defendant Roman subject Lisa Barbounis to any alleged instances of sexual harassment from March of 2019 through September of 2019.

62.     Admit that on May 10, 2019 Plaintiff received an email from Daniel Pipes wherein Daniel Pipes stated: "Most importantly, I'd like to point out that since November you – and everyone else in the office – reports to me [Daniel Pipes]."

63.     Admit that on May 10, 2019 Plaintiff received an email from Daniel Pipes wherein Daniel Pipes stated: "[Defendant Roman] has no authority over you and cannot force you out of the Forum."

64.     Admit that on June 11, 2019 Plaintiff sent an email to Daniel Pipes wherein Plaintiff stated: "There have been no new instances of sexual harassment since November when Gregg was removed from the office, but I was referring to the ongoing psychological harassment we discussed following his phone calls with Matt."

65.     Admit that Daniel Pipes promptly investigated the allegations set forth in Plaintiff's emails dated May 10, 2019 and June 11, 2019.

66.     Admit that Daniel Pipes promptly took remedial action following Plaintiff's emails dated May 10, 2019 and June 11, 2019 regarding Defendant Roman's alleged behavior.

67.     Admit that Plaintiff did not inform and/or disclose to Daniel Pipes that Defendant Bennett deleted text messages from Plaintiff's phone and/or instructed Plaintiff to delete text messages from her phone.

68.     Admit that Plaintiff did not report any alleged sexual harassment from Defendant Bennett until Plaintiff submitted her resignation letter on September 13, 2019.

69.     Admit that Plaintiff's resignation letter dated September 13, 2019 was the first instance she disclosed and/or reported any alleged sexual harassment from Defendant Bennett to Daniel Pipes.

70.    Admit that Plaintiff did not express any opposition to Daniel Pipes regarding Defendant Bennett serving as her supervisor beginning in or about November of 2018.

71.    Admit that Plaintiff sent a text message to Defendant Bennett wherein Plaintiff stated: "you're honestly the greatest boss I've ever worked for, and you being proud of my work means the world."

72.    Admit that Plaintiff sent a text message to Defendant Bennett wherein Plaintiff stated: "I hope you don't go.  If a time comes when you do, just remember your promise."

73.    Admit that Plaintiff did not register any complaints regarding any alleged pay disparity and/or unequal pay during her tenure of employment with Defendant MEF.

74.    Admit that the first time Plaintiff raised any alleged pay disparity and/or unequal pay between Plaintiff and Defendant Bennett was in her resignation letter dated September 13, 2019.

75.    Admit that Plaintiff began looking for employment outside of Defendant MEF in or about May of 2019.

76.    Admit that Plaintiff asked Matthew Bennett for assistance in securing employment at the Zionist Organization of America ("ZOA").

77.    Admit that Plaintiff accepted an offer of employment from her current employer Russell Reynolds Associates prior to submitting her resignation.

78.    Admit that at the time of her resignation, Plaintiff earned $64,000 per annum with Defendant MEF.

79.    Admit that Plaintiff currently earns $85,000 per annum at her employment with Russell Reynolds Associates.

80.     Admit that Plaintiff is not seeking damages for wage loss and/or backpay in this matter.

81.     Admit that Plaintiff is not seeking damages for front pay in this matter.


                                        SIDNEY L. GOLD & ASSOC., P.C.


                              By:     /s/ Sidney Gold, Esquire
                                      SIDNEY L. GOLD, ESQUIRE
                                      1835 Market Street, Suite 515
                                      Philadelphia, PA 19103
                                      (215) 569-1999
Dated: 01/27/2021                     **Attorneys for Defendant, Gregg Roman**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date I caused a true and correct copy of **Defendant Gregg Roman's Requests for Admission Addressed to Plaintiff** to be served via e-mail and/or regular mail upon all counsel of record:

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Attorney for Plaintiff

David Walton, Esquire
COZEN & O'CONNOR
1650 Market Street
Suite 2800
Philadelphia, PA 19103

SIDNEY L. GOLD & ASSOC., P.C.

By:    <u>/s/ Sidney Gold, Esquire</u>
       SIDNEY L. GOLD, ESQUIRE
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
Dated: 01/27/2021          **Attorneys for Defendant, Gregg Roman**

12