UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MCNULTY, | : | CIVIL ACTION NO: 19-5029 (AB) |
| **Plaintiff**, | : | |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | TRIAL BY JURY |
| GREGG ROMAN (*individually*), | : | |
| **Defendants**. | | |

### DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO HAVE THEIR REQUESTS FOR ADMISSIONS DEEMED ADMITTED

**I. INTRODUCTION**

Pursuant to Your Honor's Order of April 8, 2021, Defendants hereby submit this short Reply Brief to address the applicability of Federal Rule of Civil Procedure 36(b) to their Requests for Admissions ("Requests"). As set forth below, Plaintiff cannot withdraw nor amend her admissions pursuant to R. 36(b).

**II. ARGUMENT**

    **A.** **Plaintiff Should Not be Permitted to Withdraw Her Admissions Pursuant to Federal Rule of Civil Procedure 36(b)**

Plaintiff has clearly not met the standard for withdrawing or amending her admissions under R. 36(b). Under R. 36(b), "the court *may* permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." (emphasis added). Notably, the Rule "is permissive, not mandatory, with respect to the withdrawal of admissions." Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).

1

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Id. at 622. (internal quotations and citations omitted). Here, upholding the admissions would not "eliminate any presentation of the merits on the case." On the contrary, Defendants' requests for admissions were narrowly tailored to streamline the record and focus the issues. In fact, Plaintiff **concedes** this point in her opposition brief. See Plaintiff's Brief at p. 5 ("A review of Defendant, Greg Roman's Request for Admissions confirms that **only four (4) of the Requests would be dispositive to Plaintiff's case**. Plaintiff is referring to Request for Admissions Numbers 38, 41, 52, and 53") (emphasis added). Because Plaintiff admits that all of Defendants' Requests, with the exception of four (4), are not dispositive to Plaintiff's case, Defendants' Requests do not fall within the scope of R. 36(b) and cannot be withdrawn.

Additionally, even the four (4) requests that Plaintiff takes issue with are not case "dispositive." Rather, they are narrowly tailored to specific dates and facts. Request 38 asks Plaintiff to admit that the alleged "AIPAC" incident identified in her Complaint, was the first allegation of "sexual harassment" from Gregg Roman.[1] Request 41 only asks her to confirm that there was not "any alleged sexual harassment from March 6, 2018 through November 1, 2018." Requests 52 and 53 ask Plaintiff to confirm that Daniel Pipes investigated her complaints and took remedial action. Contrary to Plaintiff's suggestion, these Requests are not "admit you do not have a case." Rather, they are narrow, temporally limited, and confirmed by testimony and documentary evidence. See Coleman v. Colo. Tech. Univ., 2017 U.S. Dist. LEXIS 83701, at *9

---

[1] Defendant Roman vehemently denies that any "sexual harassment" occurred either at the AIPAC Conference or at any other time.

(E.D. Pa. June 1, 2017) (declining to grant "relief under Rule 36(b)" because the plaintiff's "admission [was] entirely consistent with all of the other record evidence).

Next, Defendants would be highly prejudiced by permitting Plaintiff to withdraw her admissions. As the Court recently noted, discovery in this matter closed on February 1, 2021. See Court's April 5, 2021 Order. As the Court is well aware, Plaintiff and her counsel have engaged in a consistent pattern of failing to respond to motions, comply with Court Orders, attend Court ordered conferences, and respond to discovery requests. Id. Unfortunately, Plaintiff's failure to respond to Defendants' Requests for Admissions is yet another example of Plaintiff's "bad faith" during the course of this litigation. Id.

If Plaintiff were permitted to withdraw her admissions and deny these Requests, Defendants would essentially have to start discovery all over again. Defendants' Requests tracked Plaintiff's prior admissions during her deposition and conformed to the documentary evidence. Due to Plaintiff's recalcitrant behavior during discovery, Defendants were forced to send these Requests to streamline the case and "narrow the issues by eliminating those that can be." R. 36 advisory committee note. If Plaintiff were allowed to now withdraw these admissions two and a half months after the discovery deadline, Defendants would be severely prejudiced. Defendants would be forced to undertake extensive supplemental discovery to explore the apparent contradiction between her original deposition testimony and the responses to the Requests for Admissions. This process would effectively sabotage Your Honor's directive that "discovery must come to a conclusion as efficiently as practicable." See Court's April 5, 2021 Order at p. 2.

This case is very similar to Wylie v. Transunion, LLC, 2017 U.S. Dist. LEXIS 162127, (W.D. Pa. Sep. 29, 2017). Like in the present matter, the plaintiff in Wylie failed to respond to

the defendant's "discovery requests" or respond to their Requests for Admissions and "simply refused to participate in discovery." Id. Instead, the plaintiff filed a motion pursuant to R. 36(b) to withdraw their admissions a "month after the close of discovery." Id. at *8. The court denied the plaintiff's motion, holding that granting it would mean "the case would need to, in essence, return to the beginning of discovery." Id. at *7. The court went on to explain that the plaintiff "failed to respond to [the defendant's] discovery requests, failed to issue his own discovery requests to [defendant], and failed to ask [defendant] or the Court for an extension of deadlines or stay of discovery. Such complete inaction does not come without consequences under the Federal Rules of Civil Procedure, especially at this late stage in the proceedings." Id. at *8-9.

Here, Your Honor should reach the same result. Plaintiff and her counsel have shirked their discovery obligations throughout this litigation. Just like in Wylie, Plaintiff failed to respond to the Requests for Admissions and failed to ask Defendant or the Court for an extension of deadlines or stay of discovery. Instead, now two and a half months after the close of discovery, Plaintiff seeks to withdraw her admissions. Plaintiff's efforts are too little, too late. Plaintiff's request to withdraw her admissions should be denied.

### III. CONCLUSION

For the reasons set forth in their initial moving papers and as supplemented above, Defendants respectfully request that the Court rule that their Requests for Admissions are deemed admitted.

                By:    /s/ Sidney L. Gold
                         SIDNEY L. GOLD, ESQUIRE
                         1835 Market Street, Suite 515
                         Philadelphia, PA 19103
                         215-569-1999
                         Attorney for Defendant Roman

Dated: 04/13/21