IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MCNULTY | : | CIVIL ACTION NO. 2:19-cv-05029-AB |
| Plaintiff, | : | |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, | : | PLAINTIFF'S MOTION IN OPPOSITION |
| DANIEL PIPES (*individually*), | : | TO DEFENDANT, GREG ROMAN'S |
| GREGG ROMAN (*individually*), and | : | MOTION TO HAVE REQUESTS FOR |
| MATTHEW BENNETT (*individually*) | : | ADMISSIONS DEEMED ADMITTED |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF FACT AND LAW IN SUPPORT OF HER
MOTION FOR LEAVE TO WITHDRAW ADMISSIONS DEEMED ADMITTED
SO THAT PLAINTIFF'S CASE CAN FAIRLY BE DECIDED ON ITS MERITS**

Plaintiff, Patricia McNulty ("Ms. McNulty" or "Plaintiff"), by and through undersigned counsel, hereby files this Memorandum of Fact and Law in Support of Her Motion for Leave to Withdraw any Admissions Deemed Admitted. Plaintiff's Motion and Memorandum is filed in response to Defendant, Greg Roman's Motion to Have His Request for Admissions Deemed Admitted (Document 59). In support thereof Plaintiff provides the accompanying Memorandum of Law and Fact.

**I.      PRELIMINARY STATEMENT**

Defendant, Greg Roman ("Roman" or "Defendant") filed a Motion for leave to have his Requests for Admissions Deemed Admitted on March 16, 2021 (Document 59). Exhibit A of the motion (Document 59-3) was Defendant, Greg Roman's Requests for Admissions. March 16, 2021, was the first time Plaintiff, Patricia McNulty or her counsel became aware that Defendant, Greg Roman had attempted to serve Requests for Admissions upon Plaintiff, Patricia McNulty. In reviewing Defendant, Greg Roman's Motion to have Requests for Admission

deemed admitted, Plaintiff learned for the first time that Defendant, Greg Roman was representing to the Court that Requests for Admissions had been sent to Plaintiff. A review of Defendant's motion filed March 16, 2021, confirmed that Defendant had not served the Requests for Admission in accordance with the Federal Rules of Civil Procedure. Defendant, Greg Roman does not refute this. Defendant, Greg Roman has confirmed that the Requests for Admission were sent only by email and Defendant never confirmed that the email was actually received by Plaintiff. Even after thirty days, Defendant did not send a follow-up email to ask Plaintiff if Responses to Defendant, Greg Roman's Requests for Admissions were received and/or forthcoming.

Defendant, Greg Roman's Requests for Admissions were not received or reviewed by Plaintiff and it was not until March 16, 2021, that Plaintiff even learned that Defendant, Greg Roman had drafted Requests for Admissions. Plaintiff sent responses to Defendant, Greg Roman's Requests for Admissions the same day. <u>A copy of Plaintiff's Responses to Defendant's Requests for Admissions is attached and marked Plaintiff's Exhibit "A"</u>. Notwithstanding, Defendant, Greg Roman has asked the Court to rule that Defendant, Greg Roman's Requests for Admissions should be deemed admitted and that Plaintiff, Patricia McNulty's entire case should be dismissed as a result. In support of this argument Defendant offers an unreported holding authored by Judge McHugh in the matter of <u>Coleman v. Colorado Technical University</u>. A review of Judge McHugh's holding confirms every reason why Plaintiff, Patricia McNulty is entitled to the relief request in this Motion. Judge McHugh was clear that his holding was based on several key factors not analogous to Patricia McNulty's case. Moreover, Defendant, Greg Roman's Requests for Admissions should be denied and/or Plaintiff should be afforded the right to have the admissions revoked because Plaintiff has revoked any admissions by responding to

Defendant's Requests for Admissions on March 16, 2021, only seventeen (17) days after they were purportedly due.  Furthermore, Patricia McNulty had already responded to many of the exact same requests for admissions in previous Responses to Requests for Admissions served (properly by registered mail) and answered.  Requests for Admissions are not a "got-cha" game where a party can repeatedly send the same Requests over and over again in hopes that the opposing party will eventually not respond and the entire case decided on this technicality.  Plaintiff, Patricia McNulty had previously set forth denials to many of Defendant, Greg Roman's Requests for Admissions in previously responded to Requests for Admissions.  She also denied almost all of Defendant, Greg Roman's Requests for Admissions in her civil action complaint, Answers to Interrogatories, and through testimony offered at multiple depositions; all of this before Defendant, Greg Roman drafted the Requests for Admissions under review.

     Defendant, Greg Roman's improper use of the Requests for Admissions process should not be rewarded by complete dismissal of Patricia McNulty's case.  Requests for Admissions are a way for parties and the court to identify issues of fact not in dispute so that material facts can be identified and argued.  Defendant, Greg Roman's Requests for Admissions were not designed in good faith as they asked Patricia McNulty to agree that her case is a sham.  At the time they were drafted, Defendant, Greg Roman was well aware that Plaintiff, Patricia McNulty did not agree with many of the Requests for Admissions because she had previously offered evidence refuting the Requests.  Accordingly, Plaintiff moves the Court to either deny Defendant, Greg Roman's Motion to have Requests for Admission deemed admitted, and/or hold that Plaintiff's instant Motion is granted and any Admissions deemed admitted are revoked.

## II. LEGAL STANDARD

Rule 36 sets forth the procedures for serving and responding to requests for admissions. See Fed. R. Civ. P. 36. Failure to timely respond to such requests for admission within 30 days *of service* (the rules governing service are set forth in the Federal Rules of Civil Procedure, Rule 5) results in the automatic admission of the matters requested.[1] See Fed. R. Civ. P. 36(a)(3). Once admitted, the matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Specifically, Rule 36(b) states, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b)(1).

The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. See Webb v. Westinghouse Elec. Corp., 81 F.R.D. 431, 436 (E.D.Pa.1978); United States v. Watchmakers of Switzerland Information Center, Inc., 25 F.R.D. 197, 201 (S.D.N.Y.1959); United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967 (3d Cir. 1988). "Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D.Mo.1973); United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967–68 (3d Cir. 1988). In overturning a "deemed admitted" ruling, the Third Circuit pointed out that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." Id. ***Facts in real dispute are not proper subjects for***

---

[1] Plaintiff does not agree that she failed to timely respond to Defendant, Greg Roman's Requests for Admissions because Defendants failed to serve the Requests pursuant to the requirements set forth in the Federal Rules of Civil Procedure, Rule 5. Plaintiff's reasons for this argument are summarized below and in Document 67 (ECF).

*requests for admission*. Kasar v. Miller Printing Mach. Co., 36 F.R.D. 200 (W.D. Pa. 1964); Junker v. Med. Components, Inc., No. CIV.A. 13-4606, 2015 WL 539574, at *2 (E.D. Pa. Feb. 10, 2015).

In ruling on request for admission of facts, court should not be required to sort out the questions, break them down into categories and compel adversary to answer one part and not the other, since questions should be so submitted that they are direct, material, relevant and concise, and in general capable of an answer by a yes or no. Johnstone v. Cronlund, 25 F.R.D. 42 (E.D. Pa. 1960).  Request for admissions are not required to be answered where they are subjunctive and present conditional situations and call for interpretations of documents or reports and request opinions or conclusions. Kasar v. Miller Printing Mach. Co., 36 F.R.D. 200 (W.D. Pa. 1964).  Requests for admissions may generally not be applied to controverted legal issues lying at the heart of the case and should be so phrased that they can be clearly admitted or denied without explanation. Kasar v. Miller Printing Mach. Co., 36 F.R.D. 200 (W.D. Pa. 1964).  Purpose of request for admissions is not necessarily to obtain information, but to narrow issues for trial. In re Sweeten, 56 B.R. 675 (Bankr. E.D. Pa. 1986).  Admission of one party to an action is not binding upon a codefendant. In re Leonetti, 28 B.R. 1003 (E.D. Pa.), aff'd sub nom. Earl Realty, Inc. v. Leonetti, 725 F.2d 667 (3d Cir. 1983).

### III.  **ARGUMENT**

**A. Service by email violates the express language of the Federal Rules of Civil Procedure, Rule 5.**

Defendant, Greg Roman is attempting to argue that service by email does not violate the Federal Rules of Civil Procedure, however, a simple review of Rule 5 and the Comments confirms that service by email is not valid unless there express, prior written consent.  Plaintiff, Patricia McNulty never agreed to service by email.  Accordingly, Defendant, Greg Roman is

attempting to overturn an act of congress by arguing service by email is valid in this instance. See Baaghil v. Miller, E.D.Mich.2019, 396 F.Supp.3d 776. ("There was no indication that any defendants consented to service … by electronic means, or that plaintiff's counsel had made any attempt to secure such consent, as required for plaintiff to serve…").  See also Oberwager v. McKechnie Ltd., No. CIV.A. 06-2685, 2007 WL 4322982, at *8 (E.D. Pa. Dec. 10, 2007), aff'd, 351 F. App'x 708 (3d Cir. 2009) ("Generally, email service of process is insufficient to provide adequate notice to the party served unless the other party has agreed in writing to accept electronic service." See Fed.R.Civ.P. 5(b)(2)(D)).  See Id.

> "The consent requirement exists to protect the recipient of service. See Albertson v. Winner Auto., No. 01-116, 2004 U.S. Dist. LEXIS 21859, at *13-14, 2004 WL 2435290 (D.Del. Oct. 27, 2004) (finding that "[t]he requirement for consent, as discussed by the Advisory Committee, was to protect the party receiving service 'because it is not yet possible to assume universal entry into the world of electronic communication.' " (quoting Fed.R.Civ.P. 5, 2001 amendments, advisory comm. notes)). Plaintiffs submit no evidence that defendants provided such consent." Oberwager v. McKechnie Ltd., No. CIV.A. 06-2685, 2007 WL 4322982, at *8 (E.D. Pa. Dec. 10, 2007), aff'd, 351 F. App'x 708 (3d Cir. 2009).

Defendant, Greg Roman's argument is even more concerning given the record of communications between the parties.  ***Plaintiff, Patricia McNulty, through counsel, repeatedly notified Defendants that service of Requests for Admissions by email will not be accepted***. A copy of two emails sent by Plaintiff to Defendants are attached and marked Plaintiff's Exhibit "B".  Defendant and his counsel did not even attempt to confirm whether the Requests for Admissions were actually received, and they were not.  The first time that Plaintiff or her counsel viewed the Requests for Admissions was the day Defendant, Greg Roman filed his motion to have the Requests deemed admitted on March 16, 2021.  Plaintiff furnished complete responses to Defendant, Greg Roman's Requests for Admissions the same day.

Defendant, Greg Roman is arguing that service by email is valid by suggesting an implied agreement because Plaintiff's counsel registered for the court's electronic filing system (ECF).  Defendant was able to find one unreported, non-precedential decision by the honorable Judge McHugh to support this argument.  Respectfully, Plaintiff suggests that Judge McHugh's decision is contrary to the express language of the Federal Rules of Civil Procedure.   Judge McHugh's decision is not premised on express language, but on an implication contained in two documents: (1) the ECF Registration Form, and (2) and the Eastern District of Pennsylvania's Local Rules.   Taken together, Judge McHugh concluded that registration to the ECF includes an implied agreement to accept service by email for every case that attorney will every work on and from every party, forever.  This conclusion belies the express language of the Federal Rules of Civil Procedure, which is an act of congress.  The Federal Rules of Civil Procedure, Rule 5 states, "parties are encourages to specify the scope and duration of the consent.  The specification should include at least the persons to whom service should be made, the appropriate address or location of such service – such as the email address or facsimile number and the format to be used by attachments." Fed.R.Civ.P. Rule 5.

Attorneys who register with the ECF understand they are consenting to service by email.  The ECF provides several tools to insure that notice by email is never missed.  For example, attorneys can register with an unlimited number of email addresses.  This insures that if one attorney, or ever two or three, miss something, there is always a backup.  The ECF also allows for utilization of third-party services as a failsafe, such as Docket Bird and Pacer Monitor, which will also provide attorneys, legal assistants, paralegals and other legal staff with notice of ECF filings.  None of these failsafe's are available if parties, who were not privy or even mentioned in the ECF agreement, can simply choose a single email address and claim valid service of

documents by email.  If Judge McHugh's conclusions are to be accepted, then plaintiffs would be permitted to effectual service of process of civil action complaints by sending a copy of the complaint and summons to any paralegal or attorney who registered for the ECF.  The implications would be that personal service could be effected without a parties knowledge, simply because the parties' attorney at one point registered for the ECF.  This is exactly why the Federal Rules require express, prior written consent detailing the where, when, how, why, and to whom the consent applies.  Even if consent was implied by Plaintiff's registration to the ECF, Plaintiff expressly withdrew such consent when she communicated to counsel for Defendant Middle East Forum and Daniel Pipes, and counsel for Defendant, Greg Roman that Requests for Admission would not be accepted through service by email. Exhibit B.

**B. Withdraw of any admissions deemed admitted will promote presentation on Plaintiff's case on the merits without any prejudice to Defendants.**

Specifically, Rule 36(b) states, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b)(1).  This is a two-part test that clearly favors withdraw of any admissions deemed admitted.  The first element considers whether withdraw would favor presentation of Plaintiff, Patricia McNulty's case on its merits.  There is no argument Defendant, Greg Roman can make to suggest that withdraw does not favor presentation of Plaintiff's case on its merits.

There are two other cases filed in the Eastern District this Court can consider when deciding whether withdraw favors presentation of Plaintiff's case on its merits.  Plaintiff, Patricia McNulty is one of three woman who have alleged severe and pervasive sexual harassment in the workplace by Defendant, Greg Roman.  The other two woman are Lisa Barbounis and Marnie

O'Brien. (2:19-cv-05030-JDW and 2:19-cv-06078-JMG, respectively).  Both Lisa Barbounis and Marnie O'Brien's cases have progressed past the summary judgment stage.  In both cases there was sufficient evidence to warrant a trial.  Plaintiff, Patricia McNulty is arguably the individual who suffered the worst injury of the three, as she has alleged Defendant, Greg Roman put his hand up her skirt, and lifted Patricia McNulty onto her lap.  This is just one of many disturbing allegations Patricia McNulty has presented in her written responses to Plaintiff's discovery requests and during testimony at multiple depositions.  If Defendant's motion is granted and the Requests for Admissions are not withdrawn, then Patricia McNulty will be denied a trial on the merits because an email sent by Defense counsel was not received.

The second element asks whether withdraw of the Requests for Admissions would result in prejudice to Defendant's ability to defend the case.  "A party is not prejudiced, for purposes of deciding a motion to withdraw admissions, by a brief delay in the receipt of a response to requests for admissions simply because his position is prejudiced by the true facts contained in the response; instead, the prejudice contemplated for that purpose relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." Pritchard v. Dow Agro Scis., 255 F.R.D. 164 (W.D. Pa. 2009).  Again, there is no argument Defendant, Greg Roman can made to suggest there is prejudice because of a seventeen (17) day delay in responding to Defendant's Requests for Admissions.  Defendant, Greg Roman has represented that he emailed the Request for Admissions on January 27, 2021. See Document 59-3 Page 12 of 14.  Assuming arguendo, that email service was valid, Plaintiff's Responses to Defendant, Greg Roman's Request for Admissions should have been furnished by February 27, 2021.  Plaintiff served her Reponses on March 16, 2021.  This is a seventeen (17) day delay.

There was no prejudice caused by the delay.  There are currently no deadlines established in Plaintiff's case.  During a status conference held sometime around January 2021, Judge Strawbridge confirmed that the Court is willing to provide an extension of fact discovery should the parties require additional time.  Shortly thereafter, Judge Strawbridge notified the parties about his decision to recuse himself.[2]  The parties have conducted extensive written discovery.  The parties have conducted several depositions including two depositions of Plaintiff, Patricia McNulty, depositions of many, if not all of the many witnesses, and six (6) depositions of individuals employed by Defendants.  The parties may wish to conduct additional depositions.  The parties have completed expert discovery.  Both parties have retained experts.  Both parties have exchanged expert reports and have deposed the other side's expert.  With the bulk of discovery completed, and the opportunity for additional discovery at the court's discretion, there is no reasonable argument for prejudice because Plaintiff furnished Request for Admissions seventeen (17) days after the thirty-day deadline.

"The United States Court of Appeals for the Third Circuit generally favors judgment on the merits," Williams v. Care, No. CV 14-6347, 2017 WL 528314, at *3 (E.D. Pa. Feb. 9, 2017), and therefore, while requests for admission are a useful discovery tool, the failure to respond should not be relied on as a "gotcha" admission to be pulled out of Defendant's back pocket on a motion to dismiss.  Any delay in responding to Defendant, Greg Roman's Request for Admissions was made in good faith.  Plaintiff did not even know that Request for Admissions

---

[2] Judge Strawbridge had previously notified the parties about his prior employment with Defense counsel, Cozen O'Connor, however, the parties did not object to Judge Strawbridge continuing to preside over the case.  When Judge Strawbridge's clerk secured a position with Cozen O'Connor, Judge Strawbridge quickly notified the parties and suggested that he recuse himself.  Since then there have been no substantive rulings.  Plaintiff would suggest that a status conference may be productive to re-establish deadlines including the deadline for fact discovery and dispositive motions.

had been drafted, much less sent, until Defendant filed the motion to have the Requests deemed Admitted (Document 59) on March 16, 2021.

### C. Deeming Requests for Admission admitted by one party is not binding on co-Defendant.

Even if Defendant, Greg Roman's Requests for Admissions were deemed admitted, it would not be dispositive to Plaintiff, Patricia McNulty's case. Defendant, Greg Roman has represented that he emailed Requests for Admissions to Plaintiff, Patricia McNulty on January 27, 2021. (Document 59). Defendant, Greg Roman's Request for Admissions were sent by counsel for Defendant, Sydney Gold. A review of the Request for Admissions (Document 59-3, Exhibit A of Defendant's Motion) confirms that the Requests were only sent by Defendant, Greg Roman. Sydney Gold does not even represent Middle East Forum, Daniel Pipes, or Mathew Bennett, the co-Defendants in this case. Notwithstanding, that none of Defendant, Greg Roman's co-Defendants even served Plaintiff with Requests for Admission, Defendants are arguing for Dismissal of all of Plaintiff, Patricia McNulty's claims. This argument cuts against well-established caselaw holding, [a]dmission of one party to an action is not binding upon a codefendant. In re Leonetti, 28 B.R. 1003 (E.D. Pa.), aff'd sub nom. Earl Realty, Inc. v. Leonetti, 725 F.2d 667 (3d Cir. 1983); Kittrick v. GAF Corp., 125 F.R.D. 103 (M.D. Pa. 1989). Cf. Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968) ("Admission of codefendant's confession that implicated defendant at joint trial constituted prejudicial error even though trial court gave clear, concise and understandable instruction that confession could only be used against codefendant and must be disregarded with respect to defendant"). Kittrick v. GAF Corp., 125 F.R.D. 103 (M.D. Pa. 1989) ("Admissions by plaintiff in asbestos litigation, resulting from failure to respond to third-party defendant's request for admissions, were not binding on third-party plaintiff."). Pittsburgh Hotels Ass'n v. Urb. Redevelopment Auth. of

Pittsburgh, 29 F.R.D. 512 (W.D. Pa. 1962) ("Rule relating to request for admissions was not intended to be used to cover entire case.").

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff, Patricia McNulty requests the Court either deny, Defendant, Greg Roman's motion to have his Requests for Admission deemed admitted, or grant Plaintiff's instant Motion to withdraw the same. Plaintiff also requests the Court consider Defendant, Greg Roman's Requests for Admissions as they are, only applied to Defendant, Greg Roman. For these reasons the issue of whether the Requests for Admissions are deemed admitted should not be dispositive to Plaintiff's claims and Plaintiff requests a status conference to re-establish deadlines for discovery, dispositive motions, and trial.

**DEREK SMITH LAW GROUP, PLLC**

BY: /s/ Seth D. Carson
SETH D. CARSON
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
seth@dereksmithlaw.com

DATED:  August 18, 2021