## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA MCNULTY,                          :        CIVIL ACTION NO: 19-5029 (AB)
                **Plaintiff**,        :
   -vs-                                  :
                          :
THE MIDDLE EAST FORUM,                     :
DANIEL PIPES (*individually*),             :
GREGG ROMAN (*individually*),              :        TRIAL BY JURY
              **Defendants**.        :

---

## PROPOSED ORDER

    **AND NOW**, to wit this _____ day of _____, 2021, upon consideration of

Plaintiff's Motion for Leave with Withdraw her Admissions Deemed Admitted and Defendants'

Memorandum of Law in Opposition thereto, it is hereby **ORDERED** and **DECREED** that

Plaintiff's Motion to Withdraw her Admissions is **DENIED** and Defendants' Requests for

Admissions are deemed admitted.

                  BY THE COURT:


                  _____

                  J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA MCNULTY,                    :     CIVIL ACTION NO: 19-5029 (AB)
                     **Plaintiff**,       :
    -vs-                              :
                                      :
THE MIDDLE EAST FORUM,                :
DANIEL PIPES (*individually*),        :     TRIAL BY JURY
GREGG ROMAN (*individually*),         :
                     **Defendants**.       :

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW ADMISSIONS DEEMED ADMITTED

**I.     INTRODUCTION**

Defendants, by and through their undersigned counsel, hereby submit the following

Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Withdraw her Admissions

Deemed Admitted.  As set forth below, Plaintiff's Motion to Withdraw her Admissions should

be denied and Defendants' Requests for Admissions deemed admitted.

**II.    FACTUAL AND PROCEDURAL HISTORY**

On January 27, 2021, Defendants served Plaintiff, through her counsel, with their First

Set of Requests for Admissions.  (A true and accurate copy of Defendants' Requests for

Admissions and Proof of Service is attached hereto as "Exhibit A").  In accordance with the

Federal Rules of Civil Procedure, Plaintiff was required to respond to these Requests for

Admissions within (30) days – on or before February 26, 2021.

Plaintiff did not respond to the Requests prior to the deadline.  Accordingly, on March

16, 2021, Defendants filed a Motion to have Defendants' First Request for Admissions deemed

admitted.  (Docket Entry # 59).  On March 30, 2021, Plaintiff filed an opposition to Defendants'

motion, arguing that Defendants' Requests for Admissions were not "served" pursuant to Rule 5

1

of the Federal Rules of Civil Procedure because they were emailed and not sent regular mail. (Docket Entry # 67).  In her brief, Plaintiff conceded that only four (4) of Defendants' Requests would potentially be dispositive to her case.  *See* Docket Entry # 67 at p. 5 ("A review of Defendant, Greg Roman's Request for Admissions confirms that **only four (4) of the Requests would be dispositive to Plaintiff's case**.  Plaintiff is referring to Request for Admissions Numbers 38, 41, 52, and 53") (emphasis added).

On April 8, 2021, Defendants filed a Reply in further support of their motion.  (Docket Entry # 71).  On the same date, Judge Strawbridge entered an Order directing Defendants to file a Reply Brief specifically addressing the application of Rule 36(b) of the Federal Rules of Civil Procedure. (Docket Entry # 72).  Pursuant to Judge Strawbridge's Order, Defendants filed a supplemental Reply brief on April 13, 2021.  (Docket Entry #73).  Plaintiff did not file a surreply brief, or request leave to file a surreply brief.

Now, more than four (4) months **after** Defendants' motion was fully briefed, and seven (7) months **after** the February 1, 2021 discovery deadline, Plaintiff has filed the present motion, requesting that Plaintiff be permitted to withdraw her admissions.  However, Plaintiff's motion is both procedurally improper and substantively inaccurate.  Plaintiff could have, and should have, raised her arguments during the briefing of Defendant's initial motion.  However, Plaintiff waited an extra four (4) months to file her misguided motion.  Moreover, Plaintiff falls far short of her burden of withdrawing her admissions under R. 36(b).

## III.    ARGUMENT

### A.    <u>Legal Standard</u>

The Federal Rules of Civil Procedure allow a party to serve another party with a written request to admit the truth of relevant matters. Fed. R. Civ. P. 36(a)(1). If the receiving party fails

to respond to requests for admission within thirty days, any matters properly included in the requests are deemed admitted. Fed. R. Civ. P. 36(a)(3).  *See also Acosta v. Cent. Laundry, Inc.*, 2019 U.S. Dist. LEXIS 125587, at *10 (E.D. Pa. July 29, 2019) (explaining that under Federal Rule of Civil Procedure 36(a)(3), the "[e]ffect of [n]ot [r]esponding" to a request for admission is that the "matter is admitted").

**B.**     **Plaintiff was "Served" with Defendants' Requests for Admissions**

In her Motion, Plaintiff rehashes her flawed argument that Defendants' Requests for Admissions were "never served."  However, Defendants served Plaintiff with their Requests for Admissions *via* email on January 27, 2021.  ("Exhibit A").

As stated in Defendants' original Reply Brief, Plaintiff's argument is contrary to the parties' standard practices throughout this case, COVID-19 policies, and applicable case law. Throughout this case the parties have exchanged discovery requests, discovery responses, deposition notices, and letters *via* email.  Additionally, the COVID-19 pandemic significantly expanded the use of electronic service.  On March 17, 2020, Judge Sanchez entered an Order suspending Local Civil Rule 5.1.2 to allow parties to file Complaints electronically.[1]   Similarly, the Court has suspended the obligation to submit paper courtesy copies to Chambers or the Clerk's Office.[2]

Additionally, Plaintiff's argument is foreclosed by Judge McHugh's decision in *Coleman v. Colo. Tech. Univ.*, 2017 U.S. Dist. LEXIS 83701 (E.D. Pa. June 1, 2017), a case decided pre-COVID.  As here, in *Coleman* the plaintiff argued "that she was not required to respond to [the defendant's] requests for admissions because they were served on her by email without her prior

---

[1] *See* https://www.paed.uscourts.gov/documents/standord/Standing%20Order%20%20 Electronic%20Filing%20of%20Complaints%20in%20Civil%20Cases.pdf.

[2] *See* https://www.paed. uscourts.gov/documents/notices/not_paper%20courtesy%20copies.pdf.

written consent—and thus, under Federal Rule of Civil Procedure 5, not properly served." *Id.* at

*5.   However, Judge McHugh rejected that argument, holding that the plaintiff's counsel

"consented to electronic service of discovery requests when she registered as an Electronic Case

Filing (ECF) user with this Court." *Id.*   As a result, the "requests for admissions were properly

served, and because of the lack of response, the matters set forth in them…are deemed

admitted." *Id.* at *8.

Here, Plaintiff's counsel is a registered ECF user with this Court.  Therefore, he

consented to service of all discovery requests, including Defendants' Requests for Admissions,

to be served via email.[3]  Plaintiff does not even try to distinguish Judge McHugh's opinion in

*Coleman*.  Rather, Plaintiff simply expresses her disagreement with his decision.  However,

Plaintiff has not provided a reason to disregard Judge McHugh's well-reasoned opinion.  Your

Honor should reach the same conclusion.

### C.   Plaintiff Should Not be Permitted to Withdraw Her Admissions Pursuant to Federal Rule of Civil Procedure 36(b)

Under R. 36(b), "the court *may* permit withdrawal or amendment when the presentation

of the merits of the action will be subserved thereby and the party who obtained the admission

fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining

the action or defense on the merits." (emphasis added).  Notably, the Rule "is permissive, not

mandatory, with respect to the withdrawal of admissions." *Conlon v. United States*, 474 F.3d

616, 621 (9th Cir. 2007).

---

[3] The ECF registration form explicitly states that an ECF user consents to the following: "I agree
that service may be given to me by electronic transmission . . . of all documents."
https://ecf.paed.uscourts.gov/documents/frm_reg.pdf

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* at 622. (internal quotations and citations omitted).  Here, upholding the admissions would not "eliminate any presentation of the merits on the case."  Defendants' requests for admissions were narrowly tailored to streamline the record.  In fact, Plaintiff admitted in her initial opposition brief that only four (4) of the Requests for Admissions "would be dispositive to Plaintiff's case." *See* Docket Entry #67 at. p. 5.  Because Plaintiff admits that all of Defendants' Requests, with the exception of four (4), are not dispositive to Plaintiff's case, Defendants' Requests do not fall within the scope of R. 36(b) and cannot be withdrawn.

Additionally, even the four (4) requests that Plaintiff takes issue with are not case "dispositive."  Rather, they are narrowly tailored to specific dates and facts.  Request 38 asks Plaintiff to admit that the alleged "AIPAC" incident identified in her Complaint, was the first allegation of "sexual harassment" from Gregg Roman.[4]  Request 41 only asks her to confirm that there was not "any alleged sexual harassment from March 6, 2018 through November 1, 2018."  Requests 52 and 53 ask Plaintiff to confirm that Daniel Pipes investigated her complaints and took remedial action.  These requests are temporally limited, and confirmed by testimony and documentary evidence. *See Coleman*, 2017 U.S. Dist. LEXIS 83701, at *9 (declining to grant "relief under Rule 36(b)" because the plaintiff's "admission [was] entirely consistent with all of the other record evidence").

Next, Defendants would be highly prejudiced by permitting Plaintiff to withdraw her admissions.  Discovery in this matter closed on February 1, 2021. *See* Docket Entry #70.  As set

---

[4] Defendant Roman vehemently denies that any "sexual harassment" occurred either at the AIPAC Conference or at any other time.

forth in Judge Strawbridge's various Opinions and Orders in this case, Plaintiff and her counsel have engaged in a consistent pattern of failing to respond to motions, comply with Court Orders, attend Court ordered conferences, and respond to discovery requests. *Id.;* Docket Entry #40; Docket Entry #50.

If Plaintiff were permitted to withdraw her admissions and deny these Requests, Defendants would essentially have to start discovery all over again. Due to Plaintiff's recalcitrant behavior during discovery, Defendants were forced to send these Requests to streamline the case and "narrow the issues by eliminating those that can be." R. 36 advisory committee note. If Plaintiff were allowed to withdraw these admissions **seven** (7) months after the discovery deadline, Defendants would be severely prejudiced. Defendants would be forced to undertake extensive, and expensive, supplemental discovery to explore the apparent contradictions between deposition testimony and the responses to the Requests for Admissions. *See generally Wylie v. Transunion, LLC*, 2017 U.S. Dist. LEXIS 162127, (W.D. Pa. Sep. 29, 2017) (denying the plaintiff's motion to withdraw their admissions a "month after the close of discovery" because it would mean that "the case would need to, in essence, return to the beginning of discovery").

Here, Plaintiff failed to respond to the Requests for Admissions and failed to ask Defendant or the Court for an extension of deadlines or stay of discovery. Instead, now seven (7) months after the close of discovery, and more than four (4) months after Defendants' motion was fully briefed, Plaintiff seeks to withdraw her admissions. Plaintiff's belated request to withdraw her admissions should be denied.

**D.**     **Plaintiff's Admissions are Applicable to All Defendants**

Plaintiff's admissions are applicable to all Defendants.  Plaintiff argues that because the Requests for Admissions were only propounded by Defendant Roman, her admissions cannot be utilized by the other Defendants.  *See* Plaintiff's Brief at p. 11.  Plaintiff's argument defies commonsense.  Here, Plaintiff asserts the same allegations of discrimination and retaliation against all of the Defendants arising under the same statutes.  Because the Defendants' interests are aligned, Plaintiff's admissions are applicable to all Defendants.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants respectfully requests that the Court deny Plaintiff's motion and deem their Requests for Admissions admitted by Plaintiff McNulty.

Respectfully submitted,

By: */s/ Sidney L. Gold*
    Sidney L. Gold
    William Rieser
    SIDNEY L. GOLD & ASSOC. P.C.
    1835 Market Street, Suite 515
    Philadelphia, PA 19103
    (215) 569-1999
    *Attorneys for Defendant*
    *Gregg Roman*

By: */s/ Jonathan R. Cavalier*
    Jonathan R. Cavalier
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103
    Phone: (215) 665-2000

    *Attorneys for Defendant*
    *The Middle East Forum,*
    *Daniel Pipes and Gregg Roman*

DATED:  09/02/2021

7

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of **Defendants'**

**Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Withdraw her**

**Admissions Deemed Admitted** to be served via ecf mail upon all counsel of record:

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Attorney for Plaintiff

Jon Cavalier, Esquire
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000 F: 215-665-2013
Counsel for Defendants, The Middle East Forum, Daniel Pipes, and Gregg Roman

SIDNEY L. GOLD & ASSOC., P.C.

By:     /s/ Sidney Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
WILLIAM RIESER, ESQUIRE
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Defendant, Gregg Roman**

DATED: September 2, 2021

## Denise Drages

| | |
|---|---|
| **From:** | Denise Drages |
| **Sent:** | Wednesday, January 27, 2021 4:49 PM |
| **To:** | 'Seth Carson' |
| **Cc:** | Sidney Gold; Bill Rieser; 'David Walton'; 'Leigh Benson'; 'mdibianca@ClarkHill.com'; 'klevine@clarkhill.com'; 'JCavalier@cozen.com'; Leanne Coyle |
| **Subject:** | RE: McNulty v. Roman  19-5029 & 20-2945  - Plaintiff Gregg Roman's Requests for Admission Directed to Plaintiff McNulty |
| **Attachments:** | McNulty RFA-01-27-21-sent.pdf |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | 'Seth Carson' | |
| | Sidney Gold | Read: 1/27/2021 5:04 PM |
| | Bill Rieser | |
| | 'David Walton' | |
| | 'Leigh Benson' | |
| | 'mdibianca@ClarkHill.com' | |
| | 'klevine@clarkhill.com' | |
| | 'JCavalier@cozen.com' | |
| | Leanne Coyle | Read: 1/27/2021 5:03 PM |

Mr. Carson:  Attached please find Defendant Roman's Requests for Admission Addressed to Plaintiff McNulty. Kindly respond within thirty (30) days.  Please confirm your receipt. Thank you.

*************************************************************************

Denise Drages, Legal Assistant
SIDNEY L. GOLD & ASSOC., P.C.
1835 Market Street, Ste. 515
Philadelphia, PA 19103
(215) 569-1999 main
(215) 979-7792 direct
(215) 569-3870 facsimile
e-mail: ddrages@discrimlaw.net
website: www.discrimlaw.net

** CONFIDENTIALITY NOTE **
This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender and delete this e-mail message from your computer. Thank you.



1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

PATRICIA MCNULTY,                      :     CIVIL ACTION NO: 19-5029 (AB)
              Plaintiff,          :
  -vs-                                 :
                                     :
THE MIDDLE EAST FORUM,                 :
DANIEL PIPES (*individually*),           :     TRIAL BY JURY
GREGG ROMAN (*individually*), and        :
MATTHEW BENNETT (*individually*),        :
              Defendants.        :

---

PATRICIA MCNULTY,                      :     CIVIL ACTION NO: 20-2945 (AB)
              Plaintiff,          :
  -vs-                                 :
                                     :
THE MIDDLE EAST FORUM,                 :
GREGG ROMAN (*individually*), and        :
              Defendants.        :     **CONSOLIDATED ACTIONS**

## DEFENDANT, GREGG ROMAN'S REQUESTS FOR ADMISSION
## DIRECTED TO PLAINTIFF

Defendant, Gregg Roman ("Defendant Roman"), by and through his undersigned counsel, Sidney L. Gold & Associates, P.C., hereby requests that Plaintiff admit the truthfulness of the following statements in accordance with the Federal Rules of Civil Procedure within thirty (30) days of service.

### INSTRUCTIONS

1.    Each request is to be separately responded to, and Plaintiff is to indicate which request or requests documents are being produced in response thereto.

2.    Each request shall be continuous so as to require additional answers in further information is to be obtained between the time an answer is served and the time of trial.  Such additional answers shall be served in conformity with the Federal Rules of Civil Procedure.

3.      If you do not answer any request for admission because of the claim of privilege, set forth the privilege claim, and the facts upon which you rely in support of the claim of privilege and identify all documents for which said privilege is claimed.

4.      As used herein, the term "Defendant Roman" shall mean Gregg Roman.

5.      As used herein, the term "Defendant MEF" shall mean The Middle East Forum and its agents, servants and employees.

6.      As used herein, the term "Defendant Bennett" shall mean Matthew Bennett.

5.      As used herein, the term "Plaintiff" shall mean Patricia McNulty.

## REQUESTS FOR ADMISSION

1.       Admit that Plaintiff commenced employment with Defendant on October 23, 2017.

2.       Admit that Plaintiff was hired to the position of Program Manager.

3.       Admit that in her capacity as Program Manager, Plaintiff was responsible for planning events for Defendant MEF.

4.       Admit that Plaintiff was promoted to Director of Development in or about March of 2019.

5.       Admit that Plaintiff and Lisa Barbounis maintain a close friendship through the present.

6.       Admit that Plaintiff went on a trip to Atlantic City with Lisa Barbounis, Marnie Meyer, and Caitriona Brady in or about August of 2019.

7.       Admit that Plaintiff discussed with Lisa Barbounis, Marnie Meyer, and Caitriona Brady the possibility of each of them leaving their respective employment with Defendant MEF during the trip to Atlantic City in or about August of 2019.

8.       Admit that Plaintiff was aware that Lisa Barbounis had more than one cell phone during her tenure of employment with Defendant MEF.

9.       Admit that Plaintiff communicated with Lisa Barbounis through the Telegram app during her tenure of employment with Defendant MEF.

10.       Admit that Plaintiff communicated with Lisa Barbounis through the WhatsApp app during her tenure of employment with Defendant MEF.

11.       Admit that Plaintiff signed a Non-Disclosure Agreement on October 23, 2017.

12.     Admit that under the terms of the Non-Disclosure Agreement, Plaintiff has an obligation not to disclose confidential information belonging to Defendant MEF.

13.     Admit that under the terms of the Non-Disclosure Agreement, Plaintiff's obligation not to disclose confidential information continued after her resignation from Defendant MEF.

14.     Admit that Plaintiff signed the "Bring Your Own Device Agreement" with Defendant MEF.

15.     Admit that under the "Bring Your Own Device Agreement" Plaintiff promised no other person other than Plaintiff would have access to MEF data.

16.     Admit that under the "Bring Your Own Device Agreement" Plaintiff agreed that any Defendant MEF data contained on her electronic device may be subject to legal discovery.

17.     Admit that under the "Bring Your Own Device Agreement" Plaintiff agreed that Defendant MEF was entitled to access the said data.

18.     Admit that the "Bring Your Own Device Agreement" applied to Plaintiff's Gmail account.

19.     Admit that the Non-Disclosure Agreement applied to Plaintiff's Gmail account.

20.     Admit that donor information, donor contributions, addresses, and/or contact information for Defendant MEF's donors is confidential information belonging to Defendant MEF.

21.     Admit that Plaintiff has not erased the contents of her Apple laptop following her resignation from Defendant MEF in or about September of 2019.

22.     Admit that Plaintiff currently has access to the Gmail account she used while employed by Defendant MEF.

4

23.     Admit that Defendant MEF directed employees to no longer utilize personal email accounts in or about February of 2019.

24.     Admit that Plaintiff continued to utilize her personal Gmail account after February of 2019.

25.     Admit that Plaintiff did not return confidential information belonging to Defendant MEF that was stored on her Apple laptop following her resignation in or about September of 2019.

26.     Admit that Plaintiff has in her possession confidential information of Defendant MEF on her Apple laptop as of the present.

27.     Admit that Plaintiff received Defendant MEF's Personnel Manual and signed an acknowledgment form confirming receipt.

28.     Admit that under Defendant MEF's Personnel Manual, Plaintiff agreed that: "If you believe that you are the victim of impermissible harassment, or become aware of another employee being subjected to impermissible harassment, you must promptly report the facts of the incident to your supervisor or to the Director or to the Managing Director."

29.     Admit that Plaintiff attended the AIPAC convention in Washington D.C. as a representative of Defendant MEF in or about March of 2018.

30.     Admit that on March 4, 2018 Plaintiff attended Defendant MEF's event at Cuba Libre.

31.     Admit that Plaintiff consumed alcohol on the evening of March 4, 2018.

32.     Admit that as of March 4, 2018, Plaintiff had knowledge that Lisa Barbounis previously lived in Washington D.C.

5

33.     Admit that Plaintiff took several Uber rides during the course of the AIPAC convention weekend.

34.     Admit that Defendant MEF's reimbursed Plaintiff for Uber expenses during Defendant MEF- related work trips.

35.     Admit that Defendant MEF reimbursed Plaintiff for Uber expenses incurred during the AIPAC convention in or about March of 2018.

36.     Admit that Plaintiff went to the Airbnb in Washington D.C. on March 5, 2018.

37.     Admit that Plaintiff slept at the Airbnb in Washington D.C. on March 5, 2018.

38.     Admit that the incident at the AIPAC convention was the first instance of any alleged sexual harassment from Defendant Roman to which Plaintiff was subjected during her tenure of employment.

39.     Admit that Plaintiff did not witness any alleged acts of sexual harassment of any MEF employee prior to March 5, 2018.

40.      Admit that Plaintiff did not report the alleged incident that occurred on March 5, 2018 to Daniel Pipes until November 1, 2018.

41.     Admit that Plaintiff was not subjected to any alleged sexual harassment from March 6, 2018 through November 1, 2018.

42.     Admit that Lisa Barbounis sent Plaintiff a text message on March 14, 2018 wherein Lisa Barbounis stated: "I'm paranoid so delete this."

43.     Admit that Plaintiff took screenshots of her text message communications with Lisa Barbounis on March 14, 2018.

44.     Admit that on March 14, 2018 Plaintiff sent a text message to Lisa Barbounis wherein Plaintiff stated: "Oh gosh, so it got like aipac couch-ish" and wherein Lisa Barbounis replied: "No."

45.     Admit that Lisa Barbounis sent a text message to Plaintiff on March 14, 2018 wherein Lisa Barbounis stated: "He said he fucked Lea and tried to meet up with her again and it didn't work out.  He said he wanted another good blow job and then other weird shit."

46.     Admit that Plaintiff and Lisa Barbounis only communicated via text message on March 14, 2018.

47.     Admit that Plaintiff initially informed Dr. Barbara Ziv that Plaintiff and Lisa Barbounis only communicated via text message on March 14, 2018.

48.     Admit that Plaintiff did not report the content of aforesaid text messages she received from Lisa Barbounis on March 14, 2018 to Daniel Pipes until November 1, 2018.

49.     Admit that Plaintiff did not report to Daniel Pipes that she suspected Defendant Roman had subjected Lisa Barbounis to sexual harassment during the Israel trip in or about March of 2018 until November 1, 2018.

50.     Admit that in Plaintiff's email dated November 1, 2018 to Daniel Pipes, Plaintiff did not report any instances of alleged sexual harassment that occurred prior to March 5, 2018.

51.     Admit that in Plaintiff's email dated November 1, 2018 to Daniel Pipes, Plaintiff did not report any acts of alleged sexual harassment to which she was subjected that occurred between March 6, 2018 through November 1, 2018.

52.     Admit that Daniel Pipes and/or Defendant MEF promptly investigated the allegations made by Plaintiff on November 1, 2018.

53.     Admit that Daniel Pipes and/or Defendant MEF promptly took remedial action following Plaintiff's disclosure of the alleged AIPAC incident on November 1, 2018.

54.     Admit that on November 4, 2018 Plaintiff sent an email to Daniel Pipes wherein Plaintiff stated: "I do promise that any future incidents, should they happen, will be reported to you immediately."

55.     Admit that on November 4, 2018, Plaintiff sent an email to Daniel Pipes wherein Plaintiff stated: "I want nothing more than to move on and continue working hard for MEF."

56.     Admit that on November 4, 2018, Plaintiff sent an email to Daniel Pipes wherein expressed to Daniel Pipes that she was satisfied with changes proposed by Daniel Pipes in response to Plaintiff's email dated November 1, 2018.

57.     Admit that on November 4, 2018, Plaintiff sent an email to Daniel Pipes wherein Plaintiff expressed to Daniel Pipes that she "considered this matter satisfactorily resolved."

58.     Admit that Plaintiff sent an email to Daniel Pipes on March 11, 2019 wherein Plaintiff stated: "There has been a noticeable difference in the working relationship with [Defendant Roman] in the past four months and the understanding moving forward is that this will continue."

59.     Admit that Plaintiff agreed with Lisa Barbounis' request for Defendant Roman to return to the office.

60.     Admit that Plaintiff agreed with Daniel Pipes and/or Defendant MEF's decision to permit Defendant Roman to return to the office.

61.     Admit that Plaintiff did not report to Daniel Pipes that Plaintiff witnessed Defendant Roman subject Lisa Barbounis to any alleged instances of sexual harassment from March of 2019 through September of 2019.

62.     Admit that on May 10, 2019 Plaintiff received an email from Daniel Pipes wherein Daniel Pipes stated: "Most importantly, I'd like to point out that since November you – and everyone else in the office – reports to me [Daniel Pipes]."

63.     Admit that on May 10, 2019 Plaintiff received an email from Daniel Pipes wherein Daniel Pipes stated: "[Defendant Roman] has no authority over you and cannot force you out of the Forum."

64.     Admit that on June 11, 2019 Plaintiff sent an email to Daniel Pipes wherein Plaintiff stated: "There have been no new instances of sexual harassment since November when Gregg was removed from the office, but I was referring to the ongoing psychological harassment we discussed following his phone calls with Matt."

65.     Admit that Daniel Pipes promptly investigated the allegations set forth in Plaintiff's emails dated May 10, 2019 and June 11, 2019.

66.     Admit that Daniel Pipes promptly took remedial action following Plaintiff's emails dated May 10, 2019 and June 11, 2019 regarding Defendant Roman's alleged behavior.

67.     Admit that Plaintiff did not inform and/or disclose to Daniel Pipes that Defendant Bennett deleted text messages from Plaintiff's phone and/or instructed Plaintiff to delete text messages from her phone.

68.     Admit that Plaintiff did not report any alleged sexual harassment from Defendant Bennett until Plaintiff submitted her resignation letter on September 13, 2019.

69.     Admit that Plaintiff's resignation letter dated September 13, 2019 was the first instance she disclosed and/or reported any alleged sexual harassment from Defendant Bennett to Daniel Pipes.

70.     Admit that Plaintiff did not express any opposition to Daniel Pipes regarding Defendant Bennett serving as her supervisor beginning in or about November of 2018.

71.     Admit that Plaintiff sent a text message to Defendant Bennett wherein Plaintiff stated: "you're honestly the greatest boss I've ever worked for, and you being proud of my work means the world."

72.     Admit that Plaintiff sent a text message to Defendant Bennett wherein Plaintiff stated: "I hope you don't go.  If a time comes when you do, just remember your promise."

73.     Admit that Plaintiff did not register any complaints regarding any alleged pay disparity and/or unequal pay during her tenure of employment with Defendant MEF.

74.     Admit that the first time Plaintiff raised any alleged pay disparity and/or unequal pay between Plaintiff and Defendant Bennett was in her resignation letter dated September 13, 2019.

75.     Admit that Plaintiff began looking for employment outside of Defendant MEF in or about May of 2019.

76.     Admit that Plaintiff asked Matthew Bennett for assistance in securing employment at the Zionist Organization of America ("ZOA").

77.     Admit that Plaintiff accepted an offer of employment from her current employer Russell Reynolds Associates prior to submitting her resignation.

78.     Admit that at the time of her resignation, Plaintiff earned $64,000 per annum with Defendant MEF.

79.     Admit that Plaintiff currently earns $85,000 per annum at her employment with Russell Reynolds Associates.

80.     Admit that Plaintiff is not seeking damages for wage loss and/or backpay in this matter.

81.     Admit that Plaintiff is not seeking damages for front pay in this matter.


                                        SIDNEY L. GOLD & ASSOC., P.C.


                                    By:     /s/ Sidney Gold, Esquire
                                            SIDNEY L. GOLD, ESQUIRE
                                            1835 Market Street, Suite 515
                                            Philadelphia, PA 19103
                                            (215) 569-1999
Dated: 01/27/2021                           **Attorneys for Defendant, Gregg Roman**

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of **Defendant Gregg Roman's Requests for Admission Addressed to Plaintiff** to be served via e-mail and/or regular mail upon all counsel of record:

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Attorney for Plaintiff

David Walton, Esquire
COZEN & O'CONNOR
1650 Market Street
Suite 2800
Philadelphia, PA 19103

SIDNEY L. GOLD & ASSOC., P.C.

By:     /s/ Sidney Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
Dated: 01/27/2021     **Attorneys for Defendant, Gregg Roman**

12