IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MCNULTY | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-cv-05029-AB |
| THE MIDDLE EAST FORUM et al | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| PATRICIA MCNULTY | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 20-cv-02945-AB |
| THE MIDDLE EAST FORUM et al | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**Richard A. Lloret**                                                                                     **November 1, 2021**
**U.S. Magistrate Judge**

### Procedural Background

On December 18, 2019, Plaintiff Patricia McNulty filed an amended complaint against the Middle East Forum, Greg Roman, and Daniel Pipes,[1] alleging a hostile work environment and disparate treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against the Middle East Forum; retaliation in violation of Title VII against the Middle East Forum; assault and battery under common law against Mr. Roman; and negligent hiring, retention, and supervision under common law against the Middle East Forum. Doc. No. 14, at 1, 62-68 (Am. Compl. ¶¶ 505-40).[2] In a separate

---

[1] Mr. Pipes was dismissed from the case on January 3, 2020. Doc. No. 16.
[2] Ms. McNulty's original complaint, filed October 27, 2019, included individual defendant Matthew Bennett and alleged eleven causes of action. Doc. No. 1. Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted on November 27, 2019. Doc. No. 9. This amended complaint was subsequently filed, and Judge Brody denied the Defendants' motion as moot on December 20, 2019. Doc. No. 15.

1

complaint against Defendants Middle East Forum and Greg Roman filed June 18, 2020, Ms. McNulty alleged a hostile work environment and disparate treatment in violation of Title VII against the Middle East Forum; retaliation in violation of Title VII against the Middle East Forum; and negligent hiring, retention, and supervision under common law against the Middle East Forum. Doc. No. 1 (Civ. No. 2:20-cv-02945-AB), at 64-69 (Compl. ¶¶ 522-52). Judge Brody consolidated the two actions on October 15, 2020. Doc. No. 32. Defendants filed a motion to compel against Ms. McNulty on October 29, 2020 (Doc. No. 36), followed by a motion for contempt for failure to comply with a court order and failure to appear at status conferences against Ms. McNulty and her counsel, Seth Carson (Doc. No. 38). On December 9, 2020, Judge Brody referred Defendants' motions to Judge Strawbridge. Doc. No. 39. On December 30, 2020, Judge Strawbridge denied the motion to compel as moot, but held Ms. McNulty and her counsel in civil contempt for failure to comply with a discovery order issued by Judge Brody compelling Ms. McNulty to comply with her discovery obligations. Doc. No. 40, at 1, 13; *see also McNulty v. Middle E. F.*, Civ. Action No. 19-5029, 2020 WL 7769737, at *1, *7 (E.D. Pa. Dec. 30, 2020) (Strawbridge, J.).

On January 27, 2021, as the February 1, 2021 deadline for discovery neared (Doc. No. 34), Defendants served on Plaintiff's counsel via email 81 requests for admission ("RFA") pursuant to Federal Rule of Civil Procedure 36. Doc. No. 59-3; Doc. No. 87. Plaintiff's counsel did not respond to the email within 30 days of receipt, when the Federal Rules determine a request is deemed admitted by default. Fed. R. Civ. P. 36(a)(3); Doc. No. 59-2, at 1. On March 16, 2021, Defendants filed a motion requesting that the Court deem their RFAs admitted, dismiss Ms. McNulty's complaint with prejudice, and award costs and fees to cover the preparation and filing of the motion. *Id.*

2

at 5. That same day, after Defendants filed their motion, Ms. McNulty responded to the RFAs. Doc. No. 77-1, at 2. Judge Strawbridge withdrew from the case on May 17, 2021. Doc. No. 75. This discovery dispute was referred to me on May 19, 2021. Doc. No. 76.

On August 19, 2021, Ms. McNulty filed a motion objecting to default admission of the RFAs, seeking leave to withdraw any RFAs deemed admitted, and requesting to establish that her responses to the RFAs only apply to Defendant Greg Roman. Doc. No. 77-1. On September 29, 2021, to aid me in deciding these motions, I ordered Plaintiff's counsel to state whether he received the RFAs over email and to explain which discovery responses and allegations in the complaint confirm or contradict the four RFAs Ms. McNulty deemed to be most material. Doc. No. 83. After Ms. McNulty filed a supplement on October 10, 2021 which failed to respond to each inquiry in my order (Doc. No. 85), I ordered Plaintiff's counsel to explain to me once more whether he received the RFAs over email on January 27, 2021, as well as his protocols for managing his professional email system. Doc. No. 86. Mr. Carson responded fully to my order in his October 18, 2021 filing, admitting that the January 27, 2021 email arrived in his inbox. Doc. No. 87. Below I will address each party's motion in turn.[3]

---

[3] Judge Brody referred these non-dispositive motions to me to resolve pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Under the Federal Rules, "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

**Discussion**

I.  **Defendants' Motion to Have Their Requests for Admission Deemed Admitted**

   A. *Plaintiff Admitted to the Defendants' Requests for Admissions by Failing to Respond Within 30 Days.*

By failing to respond to Defendants' RFAs within 30 days of service, Ms. McNulty admitted to the RFAs by default. Under the Federal Rules of Civil Procedure, any party in the course of discovery may serve a written request to admit on any other party "relating to[] facts, the application of law to facts, or opinions about either; [or] the genuineness of any described documents," so long as the request is within the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 36(a)(1). Unless the parties stipulate or a court orders otherwise, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); *see also Sec'y Dep't of Lab. v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) ("Matters deemed admitted due to a party's failure to respond to requests for admission are 'conclusively established.'").

Defendants served their January 27, 2021 RFAs on Plaintiff's counsel via an email to Mr. Carson's professional email account. Doc. No. 87, at 1. Ms. McNulty failed to respond until March 16, 2021, a full eighteen days after she was required to respond under Federal Rule of Civil Procedure 36 to avoid making default admissions and without leave of court. *See id.* at 2. Thus, I find that Ms. McNulty admitted to the RFAs

by default, and therefore grant Defendants' motion to have Ms. McNulty's RFAs deemed admitted.

 B. *Plaintiff's Misconduct Involving the Requests for Admission Do Not Warrant Dismissal under* Poulis.

Defendants also request that the Court dismiss Ms. McNulty's case on account of her and her counsel's discovery misconduct. Plaintiff's counsel has indeed failed to comply with several court orders and basic guidelines for discovery. *See, e.g.*, *McNulty*, 2020 WL 7769737, at *7 (finding Mr. Carson and Ms. McNulty to be in civil contempt for their failure to adhere to Judge Brody's discovery order). Nevertheless, I find his conduct does not warrant dismissal of Ms. McNulty's case.

In the Third Circuit, trial courts are required to consider the six factors outlined in *Poulis v. State Farm Fire and Casualty Co.* when deciding whether dismissal is merited as a sanction for discovery violations:

> (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Judge Strawbridge, in his December 30, 2020 memorandum opinion, applied the *Poulis* factors to this matter upon Defendants' motion and in light of his civil contempt finding, but decided against dismissing the case. *McNulty*, 2020 WL 7769737, at *7. However, Judge Strawbridge suggested that dismissal remained a possibility if discovery

5

misconduct continued. *Id.* Despite this new round of discovery misconduct, I nevertheless find that dismissal remains unwarranted under *Poulis*.

Regarding the first factor, I find that Ms. McNulty is not responsible for the discovery misconduct at issue, as her counsel had sole responsibility for checking his email to ensure he did not miss discovery requests. *See* Doc. No. 87. Second, while Defendants were perhaps dealing with incorrect admissions for an eighteen-day period, this window came after the February 1 discovery deadline, and Ms. McNulty rectified the substantive errors in full upon serving her tardy responses on Defendants. *See* Doc. No. 85-6, Doc. No. 87. Since Ms. McNulty filed her responses, Defendants have not alleged any specific prejudice aside from vague allegations of inconsistencies between Ms. McNulty's tardy responses and prior deposition testimony. Doc. No. 78, at 6-7. Given how late in the discovery process this issue arose, these allegations are too vague for me to find prejudice here.

As to the third factor, Plaintiff's counsel's conduct has been far from a model of how a party should conduct discovery. As Judge Strawbridge pointed out, Plaintiff's counsel has flat out refused to respond to prior discovery requests, even as ordered by the Court, and even has a spotty record of attendance at critical status conferences. *McNulty*, 2020 WL 7769737, at *7. Mr. Carson should remember that the proper object of discovery is to get the facts needed to adjudicate a case as efficiently as possible. Thus, I agree with Judge Strawbridge that a history of deleteriousness exists and this weighs in favor of dismissal. However, as to the fourth factor, even in light of Plaintiff's counsel's past discovery abuses, *see id.*, here Plaintiff's counsel acknowledged that he received the email but missed it and did indeed respond to the RFAs as soon as he was personally aware of them. Doc. No. 87.

Fifth, sanctions other than dismissal, like the payment of attorney's fees, will be effective in incentivizing counsel to maintain a better command of his email system. Furthermore, while Judge Strawbridge referenced the possibility of dismissal in his December 2020 order, *McNulty*, 2020 WL 7769737, at *7, the conduct at issue here is evidence of carelessness and disorganization, not willful misconduct. Sixth, and most importantly, I agree with Judge Strawbridge that if the claims alleged in the Amended Complaint were proven at trial, they would support Plaintiff's recovery. *McNulty*, 2020 WL 7769737, at *7; *see generally* Doc. No. 14 (Am. Compl.). It is preferable for the parties to win or lose on the substance, rather than through procedural default.

Weighing the *Poulis* factors together, I find the serious sanction of dismissal is not warranted. However, just as Judge Strawbridge warned, this finding does not preclude dismissal for future misconduct. There is no "three strikes" rule in litigation, but if there were, plaintiff's counsel has two strikes against him.

### C. I Will Assess Attorney's Fees and Costs Incurred in Litigating this Discovery Dispute Against Plaintiff.

Mere failure to admit to what an RFA requests is generally insufficient for a finding of sanctionable conduct, unless the requesting party later proves the matter to be true. Fed. R. Civ. P. 37(c)(2). However, considering Plaintiff counsel's history of dilatoriness and Judge Strawbridge's December 2020 order mandating Ms. McNulty's and Mr. Carson's compliance with the Federal Rules, *McNulty*, 2020 WL 7769737, at *7, I find that Plaintiff counsel's conduct is indeed sanctionable. Furthermore, I find that sanctions in the amount of attorney's fees and costs in bringing and defending against the motions before me is an appropriate sanction.

Judge Strawbridge ordered Ms. McNulty and her counsel to "comply with Judge Brody's Discovery Order and other discovery obligations under the Federal Rules[] and fully participate in the advancement of this litigation moving forward." *Id*. This failure to respond to Defendants' RFAs within the proper time frame under Federal Rule of Civil Procedure 36 and counsel's inexplicably delayed admission of the obvious - that the email slipped through the cracks - do not reflect full participation in the advancement of litigation and compliance with the Federal Rules. Under the Federal Rules, a court may order the attorney advising the disobedient party to pay reasonable expenses caused by their failure to follow the court's order. Fed. R. Civ. P. 37(b)(2)(C). This is a reasonable sanction in this case, considering Ms. McNulty responded to the RFAs only a few weeks after the time the responses were due. Therefore, I find the limited sanction of attorney's fees and costs to be most appropriate here.

## II.   Plaintiff's Motion for Leave to Withdraw Admissions Deemed Admitted

### A. *Plaintiff Consented to Electronic Service of Discovery Requests by Registering as an ECF User*

In filing this motion for leave to withdraw admissions deemed admitted, Plaintiff's counsel claims that he had not consented to electronic service of discovery requests in all instances, despite having consented to service of discovery requests in the past. and in any event, he was never notified of service of the RFAs. Doc. No. 77-1, at 5-8; Doc. No. 67-1, at 1-5. Thus, Ms. McNulty through counsel claims she was never served with the discovery requests pursuant to Federal Rule of Civil Procedure 5. Doc. No. 77-1, at 5-8. Defendants respond by explaining that they have served discovery requests electronically throughout this litigation, and in any event argue that Plaintiff's counsel consented to electronic service upon registering with our Electronic Case Filing ("ECF")

8

system. Doc. No. 71, at 2-3. I agree with the Defendants and uphold my finding that the RFAs are deemed admitted.

All parties who register with the ECF system for the Eastern District of Pennsylvania agree "to receive and consent to make electronic service of all documents as provided in these ECF procedures in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure." L.R. 5.1.2(8)(d). As Defendants rightfully point out, Judge McHugh only a few short years ago found this rule applicable to a similar discovery service dispute. *See Coleman v. Colo. Tech. Univ.*, 2017 U.S. Dist. LEXIS 83701, *5 (E.D. Pa. June 1, 2017) (McHugh, J.). Ms. McNulty argues that Federal Rule of Civil Procedure 5 requires express consent in every instance for electronic service of documents during the course of litigation, and that counsel specifically reserved that right. Doc. No. 67-1, at 1-5. However, Plaintiff's counsel neglects to consider that he consented to electronic service in all instances by registering as an ECF user with the Eastern District of Pennsylvania. Thus, because I find that Defendants' RFAs were properly served on Ms. McNulty and no response was received within 30 days of service, Defendants' RFAs were admitted by default.

B. *Plaintiff's Default Admissions to the January Requests for Admissions May Be Withdrawn.*

Despite Ms. McNulty's admission of Defendants' RFAs by default, the Federal Rules provide that "the court may permit withdrawal or amendment [of the admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). In deciding whether to permit withdrawal of admissions of RFAs by default, "[c]ourts may consider other factors as well, such as

9

whether the moving party can show good cause for the delay, but they are not required to do so." *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013) (internal citations omitted) (finding that withdrawal of default admissions to RFAs was permissible when maintaining the admissions would have hindered presentation of the case on the merits and the serving party could not identify any resulting prejudice). "'The prejudice contemplated by Rule 36(b) … 'is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required.'" *Id*. at 299 (quoting *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987)). Additionally, courts are reluctant to preclude withdrawal of a default admission when the admission stems from counsel's inadequate discovery and case management procedures, rather than the party's conduct, and the opposing party is not prejudiced by the failure. *See, e.g., Bradley v. Greyhound Lines, Inc.*, Civ. Action No. 11-5715, 2012 WL 2343311, at *3 (E.D. Pa. June 19, 2012) (Baylson, J.).

Ms. McNulty argues that out of the 81 RFAs at issue, four in particular would be dispositive of her case if admitted. Doc. No. 67-1, at 5.[4] Furthermore, Ms. McNulty argues that admission to these particular RFAs would contradict the evidence on the record, and that Defendants are abusing the discovery process by requesting these admissions because they already know the answers to them. *Id*. at 5-6. Defendants

---

[4] These RFAs read as follows. Doc. No. 59-3, at 7-9:
- 38: "Admit that the incident at the AIPAC convention was the first instance of any alleged sexual harassment from Defendant Roman to which Plaintiff was subjected during her tenure of employment."
- 41: "Admit that Plaintiff was not subjected to any alleged sexual harassment from March 6, 2018 through November 1, 2018."
- 52: "Admit that Daniel Pipes and/or Defendant MEF promptly investigated the allegations made by Plaintiff on November 1, 2018."
- 53: "Admit that Daniel Pipes and/or Defendant MEF promptly took remedial action following Plaintiff's disclosure of the alleged AIPAC incident on November 1, 2018."

10

respond that these four particular RFAs are not case dispositive and rather are narrowly tailored to addressing specific dates and facts. Doc. No. 73, at 2. After reviewing the RFAs, I find that they are sufficiently material to justify leave to withdraw admission to them. *See generally* Doc. No. 59-3. Ms. McNulty's case stems from allegations of a hostile work environment; disparate treatment; retaliation; assault and battery; and negligent hiring, retention, and supervision. *See generally* Doc. No. 14 (Am. Compl.). These 81 RFAs concern not only basic facts about the parties' interactions, but also claims which are material to Ms. McNulty's allegations of sexual harassment, assault, and battery against her former superior, Mr. Roman, and the Middle East Forum's response to these allegations. Thus, I find that irrespective of whether default admission to these RFAs is likely to alter the course of this litigation, withdrawing the admissions would promote presentation of the merits of this case.

      Ms. McNulty argues that Defendants are not prejudiced by withdrawal of her admissions because she submitted responses to the RFAs only eighteen days after responses were due. Doc. No. 77-1, at 9-10. Ms. McNulty also asserts that discovery is mostly complete in this case, further limiting prejudice on the matter. *Id.* at 10. Defendants argue they were prejudiced by the filing of this motion to withdraw more than four months after submitting their motion to deem the RFAs admitted and seven months after the February 1, 2021 discovery deadline. Doc. No. 78, at 3. Defendants also argue that withdrawal of these admissions would require them to undertake extensive supplemental discovery to explore contradictions between the depositions taken in the case and Ms. McNulty's RFA responses. *Id.* at 7. On this matter, I agree with Ms. McNulty.

As Defendants pointed out, the discovery deadline in this case was set for February 1, 2021. *Id.* at 3. It is not clear that additional discovery has been pursued since Judge Strawbridge ordered Ms. McNulty to amend her response to various document production requests on March 18, 2021. *See* Doc. No. 62; Doc. No. 63. Furthermore, Defendants did not provide any specific examples of how withdrawal of these admissions would contradict their deposition testimony and require them to engage in further discovery. Additionally, Ms. McNulty submitted her responses, albeit 17 days late. Defendants should have known that Ms. McNulty had a chance of receiving leave of court to enter her written responses, given Federal Rule of Civil Procedure 36(b)'s permissive standards for granting leave. This case is distinct from *Wylie v. Transunion, LLC*, No. 3:16-cv-102, 2017 U.S. Dist. LEXIS 162127, (W.D. Pa. Sept. 29, 2017), which Defendants cite in support of their argument here. In *Wylie*, the Court found that the defendant would be prejudiced were the plaintiff's default admissions to the RFAs withdrawn because the plaintiff had failed to participate in the discovery process, the plaintiff filed his Rule 36(b) motion to withdraw admissions more than six months after the admissions were deemed admitted and more than one month after the close of discovery, and the defendant had filed a motion for summary judgment mere days prior to plaintiff's filing of his Rule 36(b) motion. 2017 U.S. Dist. LEXIS 162127, at *7-*8. Here, Ms. McNulty has indeed participated in the discovery process—albeit haphazardly—and she submitted her written responses to these RFAs as soon as Defendants filed their motion to deem their RFAs admitted. Defendants have not submitted a dispositive motion since the close of discovery either. *Wylie* is inapposite here.

I generally prefer to encourage the resolution of disputes through substantive consideration of the merits of the case. Defendants have only presented me with conclusory allegations as to how withdrawal of these admissions would prejudice them. Since I cannot find any evidence on the record suggesting that withdrawal of these admissions would be truly prejudicial to them, I grant Ms. McNulty leave to withdraw her default admissions and submit her prior written answers as the proper responses to Defendants' January 27 RFAs. I will sanction plaintiff's counsel for causing this problem in the first place and exacerbating it by his grudging and less than helpful initial stab at compliance with my Order of September 29, 2021.

### C. Plaintiff's Responses to the RFAs Will Apply to Both Defendants

In her motion, Ms. McNulty argues that the RFAs should only be construed against Mr. Roman, not against the Middle East Forum. Doc. No. 77-1, at 11-12. In making this claim, she cites several cases which involve admissions under Federal Rule of Civil Procedure 36 and in criminal trial and their offensive use against co-parties. Doc. No. 77-1, at 11-12. These cases are also inapposite. Here, unlike in the cited cases, the Defendants would simply be using Ms. McNulty's RFAs against her as the person making the statements. Ms. McNulty has no co-parties against whom these admissions could be levied. Furthermore, Mr. Roman does not appear to seek to use any admissions against his co-defendant, the Middle East Forum. Finally, Defendants note that their respective interests are aligned because Ms. McNulty has levied the same allegations of discrimination and retaliation against both of them. Doc. No. 78, at 8. I find Ms. McNulty's argument to be meritless, and I decline to grant her motion to limit the applicability of the RFAs only to Mr. Roman.

## Conclusion

In conclusion, while I grant Defendants' motion to deem the RFAs admitted, I also grant Plaintiff's motion to withdraw her admissions. I also deny Defendants' motion to dismiss the case in its entirety. However, I grant Defendants' motion to impose sanctions in the form of attorney's fees and costs resulting from Plaintiff's delayed response to the RFAs and counsel's failure to confess from the outset that he had simply missed Defendants' email. Lastly, I deny Plaintiff's motion to preclude application of her admissions against Defendant Middle East Forum. An appropriate order follows.

**BY THE COURT:**

*s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**