**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICIA MCNULTY, | : | CIVIL ACTION NO: 19-5029 (AB) |
| **Plaintiff**, | : | |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | TRIAL BY JURY |
| GREGG ROMAN (*individually*), | : | |
| **Defendants**. | : | |

## **PROPOSED ORDER**

**AND NOW**, to wit this _____ day of _____, 2021, upon consideration of Plaintiff's Motion to Stay the Order of Sanctions Pending an Appeal and Motion in Opposition to Defendants' Fee Petition and Defendants' Memorandum of Law in Opposition thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED.**

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MCNULTY, | : | CIVIL ACTION NO: 19-5029 (AB) |
| **Plaintiff**, | : | |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | TRIAL BY JURY |
| GREGG ROMAN (*individually*), | : | |
| **Defendants**. | : | |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY THE ORDER OF SANCTIONS PENDING AN APPEAL AND MOTION IN OPPOSITION TO DEFENDANTS' FEE PETITION

**I.    INTRODUCTION**

Defendants, by and through their undersigned counsel, hereby submit the following Memorandum of Law in Opposition to Plaintiff's Motion to Stay the Order of Sanctions Pending an Appeal and Motion in Opposition to Defendants' Fee Petition.  As set forth below, Plaintiff's Motion should be denied.

**II.   FACTUAL AND PROCEDURAL HISTORY**

On January 27, 2021, Defendants served Plaintiff, through her counsel, with their First Set of Requests for Admissions.  Plaintiff did not respond to the Requests prior to the February 26, 2021 deadline.  On March 16, 2021, Defendants filed a Motion to have Defendants' First Request for Admissions deemed admitted.  (Docket Entry # 59).  On March 30, 2021, Plaintiff filed an opposition to Defendants' motion, arguing that Defendants' Requests for Admissions were not "served" pursuant to Rule 5 of the Federal Rules of Civil Procedure because they were emailed and not sent regular mail.  (Docket Entry # 67).

On April 8, 2021, Defendants filed a Reply in further support of their motion. (Docket Entry # 71). On the same date, Judge Strawbridge entered an Order directing Defendants to file a Reply Brief specifically addressing the application of Rule 36(b) of the Federal Rules of Civil Procedure. (Docket Entry # 72). Defendants filed their supplemental Reply brief on April 13, 2021. (Docket Entry #73).

On August 19, 2021, Plaintiff filed a motion to withdraw her admissions. (Docket Entry #77). On September 2, 2021, Defendants filed an opposition brief to Plaintiff's motion. (Docket Entry #78). On November 1, 2021, Your Honor entered a Memorandum Opinion and Order granting Plaintiff's motion to vacate her admissions, but awarding Defendants' their attorney's fees as a sanction against Plaintiff and her counsel. (Docket Entry #90, 91). On November 10, 2021, Defendants submitted an Affidavit delineating the hours spent by counsel. (Docket Entry #92). On November 12, 2021, Your Honor entered an Order directing Plaintiff to respond to Defendants' Affidavit "within 7 days." (Docket Entry #93). Rather than respond to Defendants' Affidavit, Plaintiff filed the present "motion to stay." (Docket Entry #95).

### III. ARGUMENT

#### A. **Plaintiff Request for a Stay Pending an Appeal Should be Denied.**

Plaintiff's request for a stay of the sanctions award pending an appeal must be denied. Under 28 U.S.C. § 1291, "the courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." This rule requires parties to "raise all claims of error in a single appeal **following final judgment on the merits**." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 66 L. Ed. 2d 571, 101 S. Ct. 669 (1981) (emphasis added).

The Supreme Court has recognized that only a narrow class of prejudgment orders may be immediately appealable. These "collateral orders" must: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) "be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978). These requirements must be stringently applied. See Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 868, 128 L. Ed. 2d 842, 114 S. Ct. 1992 (1994).

The sanctions Order in this case clearly does not fit within the definition of "collateral orders." In fact, Plaintiff's motion is directly foreclosed by binding Third Circuit precedent. In Comuso v. AMTRAK, 267 F.3d 331 (3d Cir. 2001), the Third Circuit held unequivocally that sanctions imposed against an attorney are **not** immediately appealable. Rather, "that attorney must monitor the litigation and wait to appeal the sanctions order after there has been a final judgment on the merits." Id. at 339. See also Adams v. Ford Motor Co., 319 F. App'x 113, 115 (3d Cir. 2009) (following Comuso and holding that "the District Court's sanction order was not immediately appealable under the collateral order doctrine"); Chinniah v. E. Pennsboro Twp., 2017 U.S. App. LEXIS 24219, at *2 (3d Cir. June 6, 2017) ("because sanctions orders are considered both interlocutory and not sufficiently collateral to the litigation to confer appellate jurisdiction, the order would not be appealable"); Henry v. St. Croix Alumina LLC, 416 F. App'x 204, 208 (3d Cir. 2011) ("discovery sanctions are not immediately appealable under 28 U.S.C. § 1291, even when appealed by the party against whom the sanctions have been assessed").

Even if the sanctions Order in this case was appealable, Plaintiff's request would still be premature because Your Honor has not yet determined the amount of the sanction award. See Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("An award of sanctions is not a

final order, and thus not appealable, until the district court determines the amount of the sanction").

Plaintiff's motion fails to cite or address the relevant framework or case law set forth above. Instead, Plaintiff's motion reads more like a misguided and untimely motion for reconsideration. If Plaintiff's counsel disagreed with Your Honor's ruling, he had two (2) options: (1) file objections with Judge Brody within fourteen (14) days of the Order pursuant to Federal Rule of Civil Procedure 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); or (2) file a motion for reconsideration pursuant to Local Rule of Civil Procedure 7.1(g) within fourteen (14) days of the Order. "Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned." Local R. Civ. P. 7.1(g). Here, Plaintiff did neither.

In sum, the sanctions Order in this case is not a "collateral order" that can be immediately appealed, and Plaintiff's back-door request for "reconsideration" is procedurally improper and untimely.[1]

**B.** **Defendants' Fee Request Should be Granted in Full.**

---

[1] In fact, since filing her motion, Plaintiff has filed an obviously improper interlocutory appeal of the order at issue here. Plaintiff's most recent flagrant violation of the Federal Rules and the Local Rules of this Court illustrates the need for these sanctions and the actual intent of Plaintiff in moving for a stay. Defendants reserve their right to seek additional sanctions for time and costs necessitated both in responding to this unsupported motion and to plaintiff's frivolous appeal.

Defendants' fee request should be granted in full.  Here, Plaintiff does not contest the hourly rate sought by counsel.  See Plaintiff's Motion at p. 2.   Instead, Plaintiff submits petty quibbles with the hours spent by counsel.  Specifically, Plaintiff takes issue with Defendants' request for "8.1 hours for legal research" and "requesting 3.5 hours to read Plaintiff's motion" allegedly because it was "a short 11 to 12 pages that should not take half a day to read."  Plaintiff's Motion at p. 8.

However, Plaintiff does not provide any factual or legal basis to contest the hours spent by Defendants' counsel.  Courts in this Circuit have repeatedly held that time spent on legal research is awardable as part of a fee petition.  See generally Hurley v. Atl. City Police Dep't, 1996 U.S. Dist. LEXIS 14088, at *9 (D.N.J. Sep. 17, 1996) (holding that hours spent on legal research are recoverable).  Also, Plaintiff misstates Defendants' August 20, 2021 time entries, alleging it was "3.5 hours to read" her motion.  On the contrary, Defendants' counsel spent 3.5 hours "reviewing and analyzing" Plaintiff's motion "and conducting legal research into issues raised in Plaintiff's motion."  Defendants' counsel did not spend 3.5 hours to just "read" the motion.

As Your Honor noted, the awarding of fees in this case was necessitated by "Plaintiff's delayed response to the RFAs and counsel's failure to confess from the outset that he had simply missed Defendants' email."  (Docket Entry # 90).  Defendants' petition for attorney's fees should be granted in full.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully requests that the Court deny Plaintiff's motion in its entirety.

Respectfully submitted,

By: */s/ Sidney L. Gold*
    Sidney L. Gold, Esquire
    William Rieser, Esquire
    SIDNEY L. GOLD & ASSOC. P.C.
    1835 Market Street, Suite 515
    Philadelphia, PA 19103
    (215) 569-1999
    *Attorneys for Defendant*
    *Gregg Roman*

By: */s/ Jonathan R. Cavalier*
    Jonathan R. Cavalier, Esquire
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103
    Phone: (215) 665-2000

    *Attorneys for Defendant*
    *The Middle East Forum,*
    *Daniel Pipes and Gregg Roman*

DATED:  12/02/2021

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of **Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Stay the Order of Sanctions Pending an Appeal and Motion in Opposition to Defendants' Fee Petition** to be served via ecf mail upon all counsel of record:

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Attorney for Plaintiff

By: */s/ Sidney L. Gold*

Sidney L. Gold, Esquire
William Rieser, Esquire
SIDNEY L. GOLD & ASSOC. P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
*Attorneys for Defendant*
*Gregg Roman*

By: */s/ Jonathan R. Cavalier*

Jonathan R. Cavalier, Esquire
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000

*Attorneys for Defendant*
*The Middle East Forum,*
*Daniel Pipes and Gregg Roman*

Dated: 12/02/2021